[Civ. No. 59378. Second Dist., Div. Five. Nov. 7, 1980.]

BEVERLY FELDMAN, Plaintiff and Appellant, v.
SAM NASSI, Defendant and Respondent.

COUNSEL

Berris & Seton and Gilbert D. Seton for Plaintiff and Appellant.

Manatt, Phelps, Rothenberg & Tunney, Robert E. Mangels, Steven A. Nissen and David G. Licht for Defendant and Respondent.

OPINION

CARDENAS, J.*—Plaintiff appeals from a judgment of dismissal entered following the granting of a motion to strike the first amended complaint.

Defendant's demurrer to the original complaint was sustained with leave to amend. Plaintiff filed a first amended complaint which defendant moved to strike as sham. The court granted the motion to strike with leave to amend. Plaintiff did not amend and stipulated to an order dismissing the action preserving her right to appeal. Plaintiff appeals from the judgment of dismissal.

## Pleadings

The original complaint alleged two causes of action for breach of contract: one on an express oral contract, the other on an implied in fact contract. The allegations pertinent to this appeal formed the basis for both causes of action.

The original verified complaint alleged an express oral agreement on or about September 1969, in which plaintiff agreed to give up her old home and employment, move into a new home to be provided by the defendant, and care for the new home and defendant by providing housekeeping and other services full time. It is alleged that defendant agreed in return to support plaintiff for the rest of her life and to share equally with her all property accumulated by defendant as a result of his efforts. It is further alleged that plaintiff and defendant agreed to hold themselves out to the general public as husband and wife and to marry when defendant had procured a dissolution of marriage from his wife, from whom he was then separated.

*Assigned by the Chairperson of the Judicial Council.

Plaintiff alleged that after they had begun living together, plaintiff and defendant agreed, for the sake of appearances of defendant's minor children, that defendant would postpone procuring the marital dissolution until his children had reached majority and moved away from his current wife.

Plaintiff alleges that the breach occurred when defendant failed to procure or seek to procure the marital dissolution after his children had reached majority and moved away and told plaintiff he did not want her to continue to live with him and would no longer support a common home.[1]

Defendant demurred on the grounds that the alleged agreement (1) violated public policy because it was promotive of a dissolution of marriage and (2) because its terms impaired the community property rights of defendant's wife. The demurrer was sustained with leave to amend. Thereafter plaintiff filed a verified first amended complaint in which certain additions and deletions were made, which we do not discuss for the reasons stated herein.

I

*The Original Complaint Did State a Cause of Action.*

We have concluded that the first complaint does state sufficient facts to state a cause of action within the meaning of *Glickman* v. *Collins* (1975) 13 Cal.3d 852 [120 Cal.Rptr. 76, 533 P.2d 204, 93 A.L.R.3d 513]. We rule that the sustaining of the demurrer to the original complaint was error.

The general rule, with respect to review of a complaint for the purposes of ruling on demurrer, is to accept as true those facts alleged in the complaint.

With that rule in mind we review the complaint and find that the following facts were alleged: (1) an express oral agreement was made in or about September 1969, (2) pursuant to that agreement plaintiff gave up her home and employment, (3) moved to the home

---

[1]Although defendant's failure to start dissolution proceedings as a first step in keeping his promise to marry plaintiff is relevant as starting the running of the statute of limitations, it is important to note that this action does not involve Civil Code section 43.4 (abolishing actions based on breach of promise to marry) or section 43.5, subdivision (d) (barring actions based on a fraudulent promise to marry) as such.

provided by the defendant, (4) cared for and provided housekeeping, companionship and other services for the defendant full time, (5) defendant agreed to support plaintiff for life, (6) and to share equally with her all accumulations as a result of his efforts, (7) each agreed to hold themselves out as husband and wife, (8) defendant promised to marry plaintiff when he had procured a dissolution of his marriage from another person from whom he was then separated, (9) later, defendant postponed obtaining a marital dissolution until the children reached majority and moved from the home of the other person, (10) a breach occurred when defendant failed to seek the dissolution of marriage, and did not want the plaintiff to live with him and when defendant stated he no longer wanted to support a common home.

The first seven factors which do not in any way relate to sexual services, if accepted as true, do in our judgment, state a cause of action found to be proper in *Marvin* v. *Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106]. At page 674, the court stated: "In summary, we base our opinion on the principle that adults who voluntarily live together and engage in sexual relations are nonetheless as competent as any other persons to contract respecting their earnings and property rights. Of course, they cannot lawfully contract to pay for the performance of sexual services, for such a contract is, in essence, an agreement for prostitution and unlawful for that reason. But they may agree to pool their earnings and to hold all property acquired during the relationship in accord with the law governing community property; conversely they may agree that each partner's earnings and the property acquired from those earnings remains the separate property of the earning partner. So long as the agreement does not rest upon illicit meretricious consideration, the parties may order their economic affairs as they choose, and no policy precludes the courts from enforcing such agreements."

It is the eighth and ninth factors in combination with the breach allegation that raise the issue whether the agreement in question is promotive of/or encourages a dissolution of marriage and is thus unenforceable as contrary to public policy.

Speaking on this issue the Supreme Court in *Glickman* v. *Collins, supra,* stated at page 857 of 13 Cal.3d as follows: "Defendant first contends that the guaranty agreement is unenforceable as being contrary to public policy because its effect was to promote the dissolution of the Glickmans' marriage. 'Public policy seeks to foster and protect mar-

riage, to encourage parties to live together, and to prevent separation.' [Citation.] Thus we have voided, as promotive of divorce and hence contrary to public policy, a contingent fee agreement between the plaintiff in a divorce action and her attorney. [Citation.] We have likewise voided an agreement between a husband and wife which provided for payment of a specified sum to the wife in release of all property rights in the event of a future divorce if the husband should subsequently give her grounds for such a divorce. [Citation.]

"Notwithstanding the foregoing we have applied a different rule where the marriage relationship had irreparably broken down before the parties entered into a property settlement agreement. We have upheld such an agreement even though the husband would not have signed it absent the wife's promise to obtain a divorce, and the wife would not have obtained the divorce absent the husband's execution of the agreement. [Citation.] We held that 'public policy does not discourage divorce where the relations between husband and wife are such that the legitimate objects of matrimony have been utterly destroyed. [Citation.] In the absence of fraud, collusion or imposition upon the court, public policy does not prevent parties who have separated from entering into a contract disposing of their property rights which shall become effective only in the event one of the parties obtains a divorce, even though such a contract may be a factor in persuading a party who has a good cause for divorce to proceed to establish it.'"

Subsequent to the *Glickman* case, the Supreme Court in *Marvin* v. *Marvin, supra*, 18 Cal.3d 660, stated as follows at page 673, footnote 8: "Defendant also contends that the contract is invalid as an agreement to promote or encourage divorce. (See 1 Witkin, Summary of Cal. Law (8th ed.) pp. 390-392 and cases there cited.) The contract between plaintiff and defendant did not, however, by its terms require defendant to divorce Betty, nor reward him for so doing. Moreover, the principle on which defendant relies does not apply when the marriage in question is beyond redemption (*Glickman* v. *Collins* (1975) 13 Cal.3d 852, 858-859 [120 Cal.Rptr. 76, 533 P.2d 204]); whether or not defendant's marriage to Betty was beyond redemption when defendant contracted with plaintiff is obviously a question of fact which cannot be resolved by judgment on the pleadings."

Plaintiff alleged that at the time of the agreement defendant was separated from his wife. Whether or not defendant's marriage in the instant case, was beyond redemption or viable at the time the parties

entered into the alleged agreement is a question of fact which cannot be resolved on demurrer. (*Glickman* v. *Collins, supra*, pp. 858-859.)

The second point raised by defendant is that the enforcement of the agreement as between the plaintiff and the defendant "would impair the community property rights of defendant's wife."

We view this contention, as the trial court should, from a reading of the face of the complaint and accepting its allegations to be true. The complaint alleges that plaintiff and the defendant took up residences together and at that time (Sept. 1969) defendant was "married to another from whom he was then separated." Whether defendant was separated or not within the meaning of Civil Code section 5118[2] (both pre-1972 or post-1972) or Civil Code section 5119 at the time the agreement was entered into is similarly a question of fact and not to be resolved on demurrer.

Having concluded that the original verified complaint stated a cause of action within the rule in *Glickman* v. *Collins, supra*, 13 Cal.3d 852, and that the court erroneously sustained a demurrer to it, we need not further discuss the merits of the court's granting of a motion to strike the first amended complaint.

For the reasons stated herein, the judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Kaus, P. J., and Hastings, J., concurred.

On December 5, 1980, the opinion was modified to read as printed above.

---

[2]Civil Code section 5118 reads as follows: "The earnings and accumulations of a spouse and the minor children living with, or in the custody of, the spouse, while living separate and apart from the other spouse, are the separate property of the spouse."