Filed 8/9/13  Panesar v. Panesar CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PRITPAL PANESAR,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SANDRA PANESAR,<br><br>    Defendant and Respondent. | D060842<br><br><br><br>(Super. Ct. No. 37-2011-00091906-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Reversed and remanded.

Sharron Voorhees for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Pritpal Panesar sued his ex-wife, Sandra Panesar, for partition of property allegedly acquired after they divorced, partnership dissolution, accounting and other relief.  Sandra demurred to the complaint, alleging the court lacked subject matter jurisdiction because the case belonged in family court.  The court sustained the

demurrer without leave to amend and dismissed the action. Pritpal appealed from the judgment, and Sandra filed a notice of nonopposition.

Thereafter, the parties filed a "stipulation for reversal, remand to superior court, and issuance of remittitur." We rejected the stipulation based on the parties' failure to comply with Code of Civil Procedure section 128, subdivision (a)(8), and subsequently ordered the parties to submit their stipulation in compliance with that section. (Undesignated statutory references are to the Code of Civil Procedure.) The parties have renewed their stipulation. We accept the stipulation and reverse the judgment.

DISCUSSION

Before the court may accept and confirm the stipulated reversal or vacation of a judgment, it must find both of the following: (1) "There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal"; and (2) "The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (§ 128, subd. (a)(8).) We make this factual determination based on the papers submitted by the parties and our own review of the record. (*Hardisty v. Hinton & Alfert* (2004) 124 Cal.App.4th 999, 1007.)

After examining the appellate record and the stipulation for reversal of the judgment, we conclude there is no reasonable possibility that the interests of nonparties will be adversely affected by the proposed reversal. (§ 128, subd.

2

(a)(8)(A).)  This is a private dispute between individuals concerning two parcels of real property, two vehicles and other household items.  Although there is a remote possibility that Pritpal's mother may have an interest in the real property subject to the dispute because Pritpal alleges that she contributed financially to the properties, this is an issue that can be raised in the trial court.  Thus, reversing the judgment will not adversely affect her interests.  Also, acceptance of the stipulated reversal will not result in an erosion of public trust, nor will it reduce the incentive for pretrial settlement.  The parties are at the initial stages of their litigation and can proceed to resolve their dispute in the trial court or through settlement.

Lastly, in order to accept the parties' stipulation to remand this case to the trial court, we must determine whether the court erred in sustaining Sandra's demurrer on "jurisdictional grounds."

Pritpal alleged the property subject to the dispute was acquired after the parties divorced in 1987.  In her demurrer, Sandra claimed the matter belonged in family court because she and Pritpal did not separate until 2011 and Pritpal's 1987 divorce proceedings in Nevada were invalid.  She also asked the court to take judicial notice of a grant deed for real property she acquired with Pritpal in 1993 as husband and wife and a 2009 joint tax return.  Pritpal requested that the court take judicial notice of documents from the Nevada divorce proceedings, including his complaint for divorce, Sandra's answer, and the court's divorce decree.  The trial court granted the parties' respective requests for judicial notice and concluded that the case "belong[ed] in family court."

3

Based on the record before us, we conclude the trial court erred in determining on the basis of the pleadings and judicially noticed documents that the case "belong[ed] in family court." The resolution of this matter turned on whether the parties were divorced when the property in dispute was acquired. This is a contested factual issue that cannot be resolved through a demurrer. (See *Feldman v. Nassi* (1980) 111 Cal.App.3d 881, 886–887 [whether the parties' marriage was viable at the time they entered into an agreement to share property and whether they were separated for purposes of determining separate property were questions of fact which could not be resolved on demurrer].)

Further, we note that the matter cannot be determined through the judicially noticed documents. While the court may consider "any matter that is judicially noticeable" (*Cryolife, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1145, 1152), "'judicial notice of matters upon demurrer will be dispositive only in those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed.' [Citation.]" (*Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374–375.) That is because "'[a] demurrer is simply not the appropriate procedure for determining the truth of disputed facts.' [Citation.]" (*Id.* at p. 374.) Where, as here, the demurrer raises a disputed question of fact, the matter cannot be resolved at the pleading stage. Thus, the trial court's determination that this matter belongs in family court was premature.

Accordingly, we accept the parties' stipulation.

4

DISPOSITION

Based on the stipulation of the parties under section 128, subdivision (a)(8), the judgment is reversed and the case is remanded to the trial court for reinstatement.  The remittitur shall issue immediately.  Each party shall bear its own costs on appeal.


McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.