No. 2,051.

SOLOMON WAUGENHEIM, APPELLANT, *v.* W. H. H. GRAHAM,
RESPONDENT.

39   169
d127  658

ORAL EVIDENCE TO VARY A WRITTEN CONTRACT. — The time for the perform-
ance of a simple contract in writing may be waived, or extended, by a subse-
quent oral agreement.

IDEM. — EVIDENCE UNDER THE PLEADINGS. — PRACTICE. — When the pleadings
aver a contract to be fulfilled at a specified time, and a written agreement of
contract, to be fulfilled at another time, is offered in evidence, the offer is
obnoxious to no objection but that of "variance;" and if this objection be not
taken, and it be shown that the time of performing the written agreement had
been extended by a subsequent oral agreement, so as to correspond with the
pleading, all objections are thereby cured.

NEW TRIAL. — PRACTICE. — If a party unsuccessfully objects to the admission of
all evidence under pleadings which show no cause of action, or for defense, the
ruling of the Court below may be reviewed on an appeal from an order refusing
a new trial, notwithstanding an appeal from the judgment may have been dis-
missed.

CROSS COMPLAINT. — Mere naked trespasses, having no relation to, or connection
with, the plaintiff's cause of action, nor with any contract between the parties,
cannot be the foundation for a cross complaint in an action to recover a money
demand founded on contract.

IDEM. — But where the plaintiff has unjustifiably and illegally sued out a writ of
attachment in the case, and thereby inflicted a great injury on the defendant,
the damages arising therefrom furnish the ground for a cross complaint in the
action.

APPEAL from the District Court of the Sixteenth District,
County of Alpine.

Suit was brought by the plaintiff to recover the amount,
in gold coin, of two promissory notes, and for goods, wares
and merchandise. At the commencement of the suit an
attachment, in the usual form, was regularly issued, under
which a large amount of property, belonging to the defend-
ant, was seized. The defendant set up in defense an agree-
ment by which the time of payment of the alleged indebted-
ness was extended to a period anterior to that at which the
suit was commenced; and also stipulating that the same,
when due, should be discharged by the delivery of a certain
quantity of lumber. He also filed a cross complaint, claim-
ing damages from the plaintiff on various grounds, that are
stated in the opinion. The plaintiff moved to strike out all

the counts in the cross complaint after the second count, but the Court denied the motion.

The case was tried by the Court and judgment, for a large amount, was rendered against the plaintiff, who made a motion for a new trial, which being refused, he took appeals to this Court, as well on the judgment, as on the order refusing a new trial. The appeal on the judgment was dismissed for the want of prosecution.

The other facts in the case are stated in the opinion.

*Goff & Griffith,* for Appellants.

*Coffroth & Spaulding,* of Counsel.

*First*—The Court erred in overruling the objection concerning an extension of time for the performance of a written contract.

A pleader must insert in his pleading whatever he wishes to prove. (*Green* v. *Palmer,* 15 Cal. 410; *Racouillat* v. *Rene,* 32 Cal. 455; *Wilson* v. *Cleaveland,* 30 Cal. 192.) The rule is, that the allegations and proofs must correspond; and the consequence of the rule is another; which is, that evidence of a fact essential to the support of the action cannot be heard, unless it be averred in the complaint. (*Maynard* v. *F. F. Ins. Co.,* 34 Cal. 48.)

*Second*— *The Court erred in denying the motion of plaintiff to strike out all the counts in the cross-bill (so called) after the second count therein.*

The motion was made on each count respectively, and all after the second should have been stricken out, for the reason that each one embraces a tort, and is a claim for unliquidated damages, which are not the subject of set-off, either legal or equitable. (*Ricketson* v. *Richardson,* 19 Cal. 331; *McDougall* v. *Maguire,* 35 Cal. 274; *Bates* v. *Sierra Nevada Lake W. and M. Co.,* 18 Cal. 171; Practice Act, Sec. 47.)

*N. C. Briggs* and *Alexander & Armstrong,* for Respondent.

*First*—The Court did not err in overruling objections to the evidence offered to show a parol extension of the time for the performance of the written contract. (*Peters* v. *Foss,* 20 Cal. 587, 591; *Carpentier* v. *Small,* 35 Cal. 363; *Began* v. *O'Reilly,* 32 Cal. 14.)

If the Court had held the pleading insufficient, the defendant might have amended his answer at the trial ; but as the ruling was with him, there was no need of it, as was held in *Carpentier* v. *Small* (35 Cal. 363), above cited.

But if the affirmative allegations were not sufficient to admit the evidence, nevertheless, it was admissible under the general issue, for it is a rule of law that "*evidence of an enlargement of the time of performance is admissible under the general issue.*"

*It shows that the plaintiff, at the time of the suit brought, had no cause of action.* (*Frost* v. *Hill,* 5 Cow. Rep. 498 ; *Hawkins* v. *Borland,* 14 Cal. 414.)

*Second*—Objection is made to the parol evidence on the ground that a written contract could not be altered or varied by parol, but we contend that this case is not within the rule indicated.

"The time of performance of a simple contract, in writing, may be extended by a subsequent parol agreement between the parties." (4 Cow. & Hill N. to Ph. Ev. 610, Note 301.)

"The enlargement of the time is a waiver of strict performance." (*Dearborn* v. *Gross,* 7 Cow. Rep. 49 ; *Fleming* v. *Gilbert,* 3 John. 528 ; *Perine* v. *Cheeseman,* 6 Halst. 177 ; *Robinson* v. *Batchelder,* 4 N. Hamp. 40 ; *Keating* v. *Price,* 1 John. Cas. 22 ; *Green* v. *Robt. Wells,* 2 Cal. 584 ; *Whitney* v. *Heslep et als.,* 4 Cal. 327.)

In reply to the second point made by counsel for appellant, we contend that the Court did not err in denying the motion of the plaintiff to strike out all the counts in the cross complaint after the second count therein.

1st.—It will be observed that the matters set out in the several counts in the cross complaint to which the plaintiff

takes exception, are not claimed by the defendant as either equitable or legal offsets at common law, but as matters of counter claim, constituting the subject-matter of a cross complaint under our statute.

By the statute the *test* is, Is the defendant entitled to relief in a distinct action? If so, he may have it in the same action by cross complaint; and, as sustaining this view, we remind the Court that Section 46 provides what the answer shall contain; the second subdivision of which is this: "A statement of matter in avoidance, *a counter claim constituting a defense or the subject-matter of a cross complaint which may entitle a defendant to relief against the plaintiff,*" etc.; and Section 65 says: "Every material allegation of the complaint or *cross complaint not controverted by the answer thereto, shall, for the purposes of the action, be taken as true*; the statement of matters in *avoidance* shall, on the trial, be deemed controverted by the adverse party." This section, then, taken with the others referred to, defines or indicates what matters are matters of cross complaint; that is, that they are such matters as are not matters of *avoidance*, for all matters of cross complaint must be denied or they are deemed admitted, and the only affirmative matters which are deemed controverted are matters of *avoidance*, and no one will contend that a counter claim is matter in avoidance. Matter in *avoidance* is such as admit the plaintiff had a cause of action, but affirms that by reason of some subsequent matter the right of action has ceased; but matter of counter claim is such as the defendant may maintain a separate action against the plaintiff alone on, *at the time of setting it up in his answer.*

2d. Again, we contend that the error refusing the motion to strike out the counts in the cross complaint, if any there were, cannot be now reviewed, and this is an answer to the second and third points in the brief for appellant.

*First*—The dismissal of the appeal from the judgment for want of prosecution operates as an affirmance of the judgment, and a party cannot have two remedies for a review of the same error. (*Chamberlin* v. *Reed,* 16 Cal. 207; *Kirk* v. *Reynolds,* 12 Cal. 99; *Morten* v. *Wilson,* 1 Comst. Rep. 240;

*Delaplain* v. *Bergen*, 7 Hill, 592 ; *Kirk* v. *Light*, 15 Cal. 324; *Rowland* v. *Kregenhagen*, 24 Cal. 56 ; *Chase* v. *Beraud*, 29 Cal. 138.)

*Second*—The order overruling the motion to strike out, as also the order overruling the demurrer, were intermediate orders, and could be reviewed on an appeal from the judgment alone.

These orders involved the merits and necessarily affected the judgment, *for by them the issues to be tried under the pleadings, and their materiality, were ascertained and determined,* and the statute does not make any provision for reviewing such orders on an appeal from an order refusing a new trial, but only on an appeal from the judgment. (Practice Act, Secs. 334, 338 ; *Allender* v. *Fitts,* 24 Cal. 447 ; *Harper* v. *Minor,* 27 Cal. 109–110.)

*Third*—The only errors which can in any case be reviewed on appeal from an order overruling motion for new trial, are such as occur during the progress of the trial, for such alone could the Court below *review* on the motion for new trial. (Practice Act, Sec. 193.)

*Fourth*—The Court below found the facts *fully,* and they were found so that if defendant was not entitled to judgment in his favor upon the theory that the matters set up as counter claims, or the subject-matter of cross ccmplaint, the error might be made apparent on the judgment roll, so that the judgment might be reviewed upon the findings and pleadings, and we submit that the findings are entirely consistent with the issues made by the pleadings, and that whether, from the pleadings and findings, the defendant was entitled to the judgment rendered in his favor, is now beyond the *jurisdiction* of this Court to inquire, *for that he was entitled to such judgment is now the law of this case,* because this question was before the Court on appeal from the judgment.

CROCKETT, J., delivered the opinion of the Court :

The evidence offered by the defendant, to the effect that the time for the delivery of the lumber was extended by a

parol agreement, was properly admitted.    Whilst the rule is
axiomatic, that the *allegata et probata* must correspond, and
that whatever is essential to be proved must be sufficiently
averred in the pleadings, we think that the rule was not
violated in this case.    The written contract required the
lumber to be delivered by the first day of April, 1868; but
the answer avers that it was to be delivered "at any time
prior to the starting from defendant's mill, of what is usually
known as the Carson River Wood Drive, during the year
1868," and then avers that the "River Drive" did not leave
the mill until on or about July 6, 1868.    When the written
contract was offered in evidence by the defendant, if the
plaintiff had objected to its admission on the ground of vari-
ance, the objection would have been well taken.    But it was
admitted without objection on that ground, and the defend-
ant then offered to prove that the time stipulated in the con-
tract for the delivery of the lumber had been waived by a
parol agreement, and extended until the wood drive should
leave the mill.    The plaintiff objected to this evidence on
two grounds only, to wit :    First — That the defendant had
alleged in the answer no other contract than that which was
embodied in the written agreement; and, Second—That the
written instrument could not be altered or varied by parol.
The first point was not well taken ; for the answer does not
set out the written contract, nor aver that by its terms the
lumber was to be delivered on or before the 1st of April,
1868.    On the contrary, the averment is that it was to be
delivered on or before the time when the wood drive should
leave the mill.    When the writing was produced in evidence,
the time for delivering the lumber therein stipulated appeared
to be not the time averred in the answer, but the 1st day of
April ; and, as before stated, if it had been objected to on
the ground of the variance, the Court ought to have excluded
it as the pleadings then stood.    But in that event, the de-
fendant would, doubtless, have been allowed to amend his
answer, and thus obviate the difficulty.    But the writing
having been admitted in evidence without objection, the
parol proof offered to show an extension of the time for
delivery was not at variance with the answer which averred

the time for delivery to be on or before the time when the wood drive should leave the mill, which was the precise point offered to be shown by parol. The variance was between the written contract when produced and the averments of the answer, and was waived by the plaintiff by his failure to object at the proper time. But there was no variance between the answer and the parol proof which was offered. Certainly there was none which, under Sections 70 and 71 of the Practice Act, would justify us in reversing the judgment on that ground. (*Peters* v. *Foss*, 20 Cal. 587; *Began* v. *O'Reilley*, 32 *Id.* 14; *Carpentier* v. *Small*, 35 *Id.* 363.)

The second ground of objection to this evidence was equally untenable. It is well settled, that the time for the performance of a simple contract in writing may be waived or extended by a subsequent parol agreement. It is clearly competent for the parties to waive by parol a strict performance in point of time. (4 Cow. and Hill, Notes 610, *n.* 301; *Keating* v. *Price*, 1 John. Cas. 22; *Perrine* v. *Cheeseman*, 6 Halst. R. 177; *Dearborn* v. *Cross*, 7 Cow. R. 49; *Fleming* v. *Gilbert*, 3 John. R. 528; *Luckhart* v. *Ogden*, 30 Cal. 547.)

The ruling of the Court in denying the plaintiff's motion to strike out the several counts of the defendant's counter claim or cross complaint, is relied upon as error; but the defendant insists that this ruling cannot be reviewed on this appeal, which is only from the order denying the plaintiff's motion for a new trial, the appeal from the judgment having been dismissed for want of prosecution. But, it is unnecessary for us to decide this point, inasmuch as the plaintiff on the trial objected to all the evidence offered in support of the counter claim or cross complaint, on the ground that, if proved, the facts averred constituted no defense to the action, nor a sufficient basis in law for a counter claim or cross complaint. It is well established in this Court, that if a pleading contains no cause of action or defense, the adverse party may object at the trial to the proof of the facts alleged, on the ground that, if proved, they would not avail the party. It would be a vain thing to consume the time of the Court in making proof of facts which, when established, show no cause of action or defence, as the case

may be. If, therefore, the counter claim or cross complaint, on its face, exhibited no defense to the action, nor any cause of action against the plaintiff which could avail the defendant as a counter claim or cross complaint under the Practice Act, the Court ought to have excluded the proof offered to support it; and if it erred in this respect, the error was a proper ground for new trial. It becomes necessary, therefore, to examine the pleading, which is termed in the record a cross complaint.

The plaintiff's counsel insists that the several counts of this pleading, except the first and second, allege mere naked trespasses by the plaintiff upon the property of the defendant, committed after the commencement of the action, and in no wise connected with the subject-matter of it. An inspection of the cross complaint establishes beyond cavil that such is its character. The third count charges that the plaintiff wrongfully, unlawfully and by force, took possession of the defendant's saw mill, tools, buildings, timber, wagons, horses, provisions, etc., and forcibly kept the possession thereof, used the mill for the manufacture of lumber, and converted the personal property to his own use. The fourth count alleges the wrongful conversion by the plaintiff of forty cords of wood of the defendant. The fifth charges that the plaintiff wrongfully and unlawfully used a horse of the defendant for four days; and the sixth, that the plaintiff, whilst in possession of the saw mill, caused the dam and flume to be destroyed by an improper use of it. The remaining five counts are of a similar character; and in none of them is there any allegation whatsoever, connecting the wrongs which they enumerate with the demand of the plaintiff, which is the subject of the action, nor with the contract for the delivery of the lumber.

For aught that appears on the face of the pleadings, these acts of the plaintiff were mere naked trespasses, having no relation to or connection with the plaintiff's cause of action, nor with any contract between the parties. It is an attempt in an action to recover a money demand founded on contract, to set up as the foundation of a cross complaint, a trespass committed by the plaintiff on the property of the defendant

after the commencement of the action.   Such a proceeding finds no support at common law, nor under any other system with which we are acquainted, but is attempted to be maintained under Sections 38, 46, 47 and 65 of the Practice Act. We are satisfied neither of these sections, nor all of them together, afford any warrant for so anomalous and unusual a proceeding.   If they were capable of this interpretation, the result would be that in an action for slander, the defendant might file a cross complaint for assault and battery, breach of marriage contract, false imprisonment, breach of warranty or covenant, or all together.   In other words, the proposition is, that in any form of action the defendant may file a cross complaint, founded on any cause of action whatsoever which he may have against the plaintiff, and that the two actions may be tried together.   The result would be that a dozen separate, independent causes of action, having no relation to each other, might be tried as one cause, and it is easy to foresee the inextricable confusion and the almost endless delay which would result from such a practice. Whatever the Legislature may have intended when it authorized a cross complaint to be filed, we are quite certain it did not contemplate that in an action for a money demand, founded on contract, the defendant might file a cross complaint setting up a mere naked trespass committed by the plaintiff on the property of the defendant after the commencement of the action.

The Court, therefore, erred in admitting evidence in support of any of the counts of the defendant's cross complaint, except the first and second.   In respect to these we express no opinion, the counsel having confined his argument to the other counts.   But, in order to avoid any misapprehension on another trial, we are not to be understood as deciding that *under proper pleadings* on the part of the defendant it would not be competent for him to prove that the plaintiff violated his contract by prematurely suing out his attachment, seizing the saw mill and other property, and thereby wrongfully preventing the defendant from fulfilling

the contract for the delivery of the lumber. If the money due to the plaintiff was to be paid in lumber, to be delivered within a specified time, and if the plaintiff, in violation of the contract, sued out an attachment before the expiration of the time and seized the defendant's saw mill and other property, whereby he was disabled from performing the contract, and from which he suffered other damage, we think this would constitute a valid counter claim under Section 47 of the Practice Act, the first subdivision of which defines a counter claim as "a cause of action arising out of the transaction set forth in the complaint or answer as the foundation of the plaintiff's claim or defendant's defense, or *connected with the subject of the action.*" If the plaintiff's demand was to be paid in lumber, and if he has violated his contract, not only in demanding payment in money, but in suing out an attachment before the expiration of the credit, and wrongfully seizing the defendant's property, it is plain the defendant is entitled to redress, his right to which is "connected with the subject of the action;" and it is eminently proper that the whole matter should be tried together. Nor is it material in such a case that the damage complained of accrued after the commencement of the action, and as the necessary result thereof. The action itself, and the attachment which was levied on the property, were the instruments through which the damage accrued; and it would, indeed, be extraordinary if the defendant was denied the right in the same action, not only to defend against it, but to claim redress for the wrongs inflicted upon him by the plaintiff in violating the contract, which he is unlawfully seeking to enforce, and by breaking up the defendant's business by a premature attachment.

Judgment reversed, and a new trial ordered, with leave to the defendant to amend his answer, if he shall elect to do so.