[Civ. No. 44305. Second Dist., Div. Two. Sept. 3, 1974.]

LAWRENCE R. SPIRA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GILBERT PERSON, Real Party in Interest.

## COUNSEL

Scheinman & Bell and Terry Kinigstein for Petitioners.

No appearance for Respondent.

Meyer Berkowitz for Real Party in Interest.

## Opinion

**ROTH, P. J.**—Petitioners as plaintiffs alleged in the pending action, No. 65131, which generates this request for a writ of prohibition or mandate, a written agreement of partnership executed in 1969 with real party in interest (rpi). By said action petitioners allege that approximately three years after the execution of the written agreement rpi took sole control of the business and sequestered its assets. In No. 65131 they seek a declaration of rights and an accounting from rpi.

Concurrently with the filing of No. 65131 petitioners applied for the appointment of a receiver to take possession of the partnership assets. The motion for a receiver was supported with an affidavit of petitioner Lee detailing the operations of the partnership and embraced partnership's last filed 1971 income tax return.

Rpi in his answer denied the partnership was in existence; alleged that it had been terminated or abandoned in December 1970 and asked for relief declaring the partnership had been terminated in December 1970 and that he held no assets belonging to petitioners.

Thereafter rpi cross-complained alleging in the fourth cause of action thereof that petitioners knew that: the partnership had been abandoned and dissolved two years before the action was filed; the request for appointment of receiver was wrongful, malicious and for the purpose of compelling rpi to acknowledge the existence of the partnership; the action was filed to force him to pay petitioners to extricate himself from the partnership, and the motion for a receiver was an abuse of process to his damage in the sum of $35,000 for attorney's fees incurred in defense of said motion. The fourth cause seeks further relief for an additional $35,000 attorney's fees, expenses and expenditures to be expended in connection with the defense of the action and $100,000 in punitive damages. Numerous demurrers having been sustained to the fourth cause, as originally and successively stated petitioners' final demurrer was overruled. Petitioners request this court to mandate the trial court to vacate its order overruling their demurrer to the fourth cause and to enter an order sustaining the demurrer without leave to amend.

Prerogative writs are rarely used to review matters of pleading. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841 [92 Cal.Rptr. 179, 479 P.2d 379].) In *Babb,* the court said at p. 851: "The instant action, with its potential for throwing open the courtroom doors to malicious prosecution cross-actions, is such a case. Accordingly, although we grant relief

to these petitioners, we emphasize that this court will hereafter refuse to entertain petitions for prerogative writs to review rulings on pleadings unless the circumstances are as indicated above."

The crucial question for decision is whether the fourth cause sounds in malicious prosecution or abuse of process; if it is the former the parties concede that it cannot be tried until No. 65131 is finally terminated. If it is the latter it would be properly litigated as a part of No. 65131. (*White Lighting Co.* v. *Wolfson* (1968) 68 Cal.2d 336, 347 [66 Cal.Rptr. 697, 438 P.2d 345].)

We discuss the issue on rpi's theory but it should be noted at the outset that the undisputed record shows that the fourth cause does not show *an abuse of process.* In this equity case *an application* was made for an equitable remedy pending trial, which was denied. Petitioners never had the opportunity to abuse *the process they applied* for, even were they so inclined and assuming they could influence a court-appointed receiver to do so.

The issues raised by the complaint and answer in No. 65131 are classically in equity. The trial court is asked to declare and determine whether a partnership exists and, if it finds that it does, for an accounting of its assets between the parties and the dissolution of the partnership. Rpi in his answer joins in a request for a declaration re the existence of the partnership and prays for its dissolution.

The fourth cause seeks to supplement rpi's answer with an action at law which rpi asserts should and will be tried before a jury.

We consider the issue raised by the petition for the writ at bench hospitably embraced in the doctrine of *Babb* and proceed to its determination because the question of pleading raised is a significant one.

Rpi's theory of abuse of process is predicated wholly upon the *request* of petitioners for the appointment of a receiver in the present action.

The record on the motion to appoint a receiver shows it was made on August 20, 1973, concurrently with the filing supported by a full affidavit of one of petitioners as to the continued existence of the alleged partnership and was subsequently fortified by declaration of others. In opposition rpi filed his own and other declarations.

Petitioners made a prima facie probative showing which was placed in issue by the counter-showing of rpi. No ex parte appointment of a receiver was requested. The motion was regularly continued with the consent of both parties; it was not heard until December 6, 1973, approxi-

mately four months after it was filed. It appeared to the trial court that the operations of rpi of the business in question, whether it was a partnership business as alleged by petitioners or rpi's business, were not being impaired by the litigation, and that there was little danger of their loss. The trial court denied the application.

Section 564 of the Code of Civil Procedure provides for appointment of a receiver on facts as outlined above and states in pertinent part: "In an action . . . between partners or others jointly owning or interested in any property or fund, . . . where it is shown that the property or fund is in danger of being lost, removed, or materially injured."

This context (the interest of a partner in the property being clear, and the danger of removal or loss at the hands of rpi being great) presents a typical case for receivership. (*Galich* v. *Brkich* (1951) 103 Cal.App.2d 187, 190 [229 P.2d 89]; *Moore* v. *Oberg* (1943) 61 Cal.App.2d 216, 220 [142 P.2d 443]; *Breedlove* v. *Breedlove Excavating Co.* (1942) 56 Cal.App.2d 141 [132 P.2d 239]; *Whitley* v. *Bradley* (1910) 13 Cal.App. 720, 726 [110 P. 596]; *Sibert* v. *Shaver* (1952) 113 Cal.App.2d 19 [247 P.2d 609]; *Neider* v. *Dardi* (1955) 130 Cal.App.2d 646, 649 [279 P.2d 598].)

The charge in the fourth cause that the motion was wrongful, malicious and for the purpose of compelling rpi to admit the existence of a partnership, variously phrased by rpi, are conclusions not supported by fact.

■ To state a cause of action for abuse of process, the following must be alleged: (1) the ulterior motive or purpose of the defendant in using the process; and (2) the wrongful act, i.e., use of the process in an improper manner.

■ Rpi makes no showing that the remedy (receivership) *sought* by petitioners was and is "not proper in the regular conduct of the proceeding." (*Italian Star Line* v. *United States Shipping Board E. F. Corp.* (2d Cir. 1931) 53 F.2d 359; *Spellens* v. *Spellens* (1957) 49 Cal.2d 210, 232 [317 P.2d 613]; *Templeton Feed & Grain* v. *Ralston Purina Co.* (1968) 69 Cal.2d 461, 466 [72 Cal.Rptr. 344, 446 P.2d 152]; *Tranchina* v. *Arcinas* (1947) 78 Cal.App.2d 522 [178 P.2d 65]; *Fairfield* v. *Hamilton* (1962) 206 Cal.App.2d 549 [24 Cal.Rptr. 73].)

Conceding that the fourth cause does allege an ulterior motive, it omits completely to allege or even suggest a wrongful act on the part of petitioners in the invocation of and the prosecution of their undoubted legal right to move for the appointment of a receiver. The fact that petitioners' motion was denied is no proof that petitioners' right to make the motion

or that any of petitioners' acts in connection with the proceedings on the motion were wrongful. The fact that the motion was denied does not mean petitioners will lose their lawsuit. Even though rpi may be vindicated in his position in respect of the issue re partnership and his responsibility to account, such vindication would prove nothing in respect of the right of petitioners to have sought, albeit unsuccessfully, the appointment of a receiver pending the outcome of No. 65131. It may be that when No. 65131 is finally terminated, either petitioners or rpi will be in a position to complain against the other for malicious prosecution.

In our opinion *White Lighting Co.* v. *Wolfson, supra,* 68 Cal.2d, 336, upon which rpi primarily relies, settles the fact that the fourth cause sounds in malicious prosecution and does not state a cause of action for abuse of process.

Plaintiff in *White Lighting,* to satisfy an $850 claim, caused an attachment to be levied on $20,000 of defendant's assets and defendant cross-complained alleging abuse of process. Plaintiff argued that it was malicious prosecution. The court explained that in similar cases there was confusion as to the nature of those respective causes of action and held that defendant had properly cross-complained for abuse of process. The court held that the attachment levy was grossly excessive; it was a completed wrongful act and was properly an issue in the action which generated the attachment because it did not depend on whether there was a lack of probable cause and malice in the initiation of the attachment action. The *White Lighting* court said at pages 350-351 of the attachment action: "In cases such as the instant one in which the alleged wrongfulness of the attachment does not depend upon an alleged lack of probable cause and malice in instituting the action in which the attachment issued . . . a termination of that action in favor of the attachment defendant has no bearing upon the determination of whether the attachment writ was maliciously procured or improperly used. The attachment defendant should therefore not be forced to wait until the termination of the creditor's primary action to seek damages for the alleged wrongful attachment. '[I]t would, indeed, be extraordinary if the [attachment] defendant was denied the right in the same action, not only to defend against it, but to claim redress for the wrongs inflicted upon him by the [attachment] plaintiff . . . .' (*Waugenheim* v. *Graham, supra,* 39 Cal. 169 at p. 178.)"

At the time *White Lighting* was decided the issuance of an attachment was completely ex parte. The plaintiff in such action was in full control of the attachment process and the facts in *White Lighting* show eloquently that plaintiff pursuant to an undoubted legal right caused the issuance of an attachment but so abused the application and use of said process as to make it wrongful.

Hypothetically, if at bench petitioners had by fraudulent or tenuous representations pursuaded the trial court in this case to issue an ex parte order appointing a receiver which order upon rpi's showing was thereafter vacated, we might be faced with a *White Lighting* situation.

On the facts before us we fail to understand how rpi can sustain an action against petitioners without alleging and proving that No. 65131 was filed against rpi without probable cause and with malice. Obviously such an action is one for malicious prosecution and no such proof can be made unless No. 65131 is finally decided in his favor.

The alternative writ heretofore issued is discharged. Let a peremptory writ issue as prayed. Petitioners to recover costs of this appeal from the real party in interest.

Fleming, J., and Compton, J., concurred.

On September 23, 1974, the judgment was modified to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied October 30, 1974.