[Civ. No. 61648. Second Dist., Div. One. Nov. 16, 1981.]

IRAM ENTERPRISES et al., Plaintiffs and Appellants, v.
PAUL VEDITZ et al., Defendants and Respondents.

604

**COUNSEL**

Cheong & Denove and Drew R. Antablin for Plaintiffs and Appellants.

Hecht, Diamond & Greenfield and Roger Jon Diamond for Defendants and Respondents.

Hecht, Diamond & Greenfield and Roger Jon Diamond for Defendants and Respondents.

## OPINION

**LILLIE, Acting P. J.**—■■ ■■■■ Plaintiffs appeal from judgment of dismissal entered after demurrer to their first amended complaint was sustained without leave to amend.[1]

The defendants in this action are five individuals and a corporation (Highlands Insurance Company). The first amended complaint contains three causes of action. The first cause of action (malicious prosecution, against the individual defendants) alleges: in March 1978 plaintiff Iram Enterprises owned real property in Malibu (hereinafter subject realty) and hired plaintiff Robert McCahon to construct a single-family residence thereon; on March 24, 1978, the individual defendants instituted an action against plaintiffs in the superior court of Los Angeles County, seeking to permanently enjoin plaintiffs from constructing said residence; in instituting such action the individual defendants, and each of them, acted without reasonable or probable cause in that they knew that there was no chance of ultimately obtaining a permanent injunction; the individual defendants further acted maliciously and oppressively against plaintiffs for the purpose of preventing construction on the subject realty, for their own selfish reasons; On February 14, 1979, the prior action was voluntarily dismissed in its entirety. The second cause of action (abuse of process, against the individual defendants) alleges that defendants misused the judicial process by instituting said action against plaintiffs for the sole purpose of implementing defendants' scheme to hinder, delay, annoy, harass and threaten plaintiffs in their construction of the residence on the subject realty. The third cause of action (wrongful injunction, against all defendants) alleges: in the course of the prior action, the individual defendants obtained a temporary restraining order and a preliminary injunction enjoining plaintiffs from further construction of the residence pending final determination of defendants' right to a permanent injunction; as a condition to the

---

[1]Plaintiffs also purport to appeal from the order sustaining the demurrer. On the sustaining of a demurrer to a complaint without leave to amend and the dismissal of the action as to the demurring party, the appeal lies from the judgment of dismissal, not from the order sustaining the demurrer. (*Dollar-A-Day Rent-A-Car System, Inc. v. Pacific Tel. & Tel. Co.* (1972) 26 Cal.App.3d 454, 455-456 [102 Cal.Rptr. 651].)

granting of such preliminary injunctive relief, the court required that the individual defendants provide written undertaking totaling $11,500; pursuant to Code of Civil Procedure section 529, defendant Highlands Insurance Company agreed, in writing, to act as a surety and to pay to plaintiffs herein all damages up to $11,500 which plaintiffs might sustain by reason of the temporary restraining order and the preliminary injunction; it was finally determined that the individual defendants were not entitled to a permanent injunction in that the prior action was voluntarily dismissed; accordingly, each of the defendants is liable to plaintiffs for the damages they have sustained resulting from issuance of the temporary restraining order and the preliminary injunction.

The individual defendants demurred generally to each cause of action. Defendant Highlands Insurance Company demurred specially to the third cause of action (Code Civ. Proc., § 430.10, subd. (d)). The trial court sustained the demurrer of the individual defendants without leave to amend on the ground that the prior action, which forms the basis of the present action, was not instituted by those defendants. The demurrer of Highlands Insurance Company was overruled. ■ ■■■ ■ Judgment was entered dismissing the action as to the individual defendants.[2]

Plaintiffs challenge the judgment insofar as it dismisses the first and second causes of action (malicious prosecution and abuse of process, respectively).

■ The elements of a cause of action for malicious prosecution are (1) a prior action commenced by or at the direction of defendant, (2) brought without probable cause, (3) initiated with malice, and (4) pursued to a legal termination in favor of plaintiff. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *117 Sales Corp.* v. *Olsen* (1978) 80 Cal.App.3d 645, 650 [145 Cal.Rptr. 778].) ■ To state a cause of action for abuse of process a plaintiff must allege ulterior motive or purpose of the defendant in using the process, and a willful act in the use of the process not proper in the regular conduct of the proceedings. (*Ion Equipment Corp.* v. *Nelson* (1980) 110 Cal.App.3d 868, 876 [168 Cal. Rptr. 361]; *Spira* v. *Superior Court* (1974) 41 Cal.App.3d 536, 540

---

[2]Inasmuch as the judgment finally eliminates the action against the individual defendants, it is appealable even though the action continues against the corporate defendant. (See *Gilbert* v. *Sacramento Unified School Dist.* (1968) 258 Cal.App.2d 505, 508 [65 Cal.Rptr. 913].)

[116 Cal.Rptr. 93].) ■ "'Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish. . . .'" (*Clark Equipment Co. v. Wheat* (1979) 92 Cal.App.3d 503, 526 [154 Cal.Rptr. 874].) Nevertheless, an essential element of a cause of action for both malicious prosecution and abuse of process is that the *defendant* must have commenced the prior action or done the acts allegedly constituting abuse of process.

■ In determining the sufficiency of a complaint against demurrer the court considers not only the contents of the complaint but also matters of which judicial notice may be taken. (Code Civ. Proc., § 430.30, subd. (a); *Javor v. State Board of Equalization* (1974) 12 Cal.3d 790, 796 [117 Cal.Rptr. 305, 527 P.2d 1153]; *Hinckley v. Bechtel Corp.* (1974) 41 Cal.App.3d 206, 212 [116 Cal.Rptr. 33].) Accordingly, a complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective. (*Saltares v. Kristovich* (1970) 6 Cal.App.3d 504, 510 [85 Cal.Rptr. 866].) ■ It is evident that the trial court, in ruling on defendants' demurrer, took judicial notice of the superior court file in the prior action referred to in the first amended complaint.[3] (Evid. Code, § 452, subd. (d).) That file shows that the prior action was commenced by La Chusa Highlands Improvement Association[4] (a nonprofit corporation), and thus establishes that the complaint herein does not state a cause of action for malicious prosecution or abuse of process against the individual defendants.

Plaintiffs argue, as they did in the trial court, that while the Association was the plaintiff in the prior action, that lawsuit actually was commenced by the individual defendants, acting as members of the Association but without its authorization. The superior court file in the prior action does not support this contention. In any event, when the prior action was commenced (Mar. 1978) the association, as a nonprofit corporation, had the power to sue (Corp. Code, former § 9501), and thus was the party plaintiff as a corporate entity separate and apart from its members.

---

[3]The demurrer states that it is based in part on the file in the prior action. Such statement is sufficient to invoke judicial notice of the file. (See Code Civ. Proc., § 430.70.)

[4]That action is entitled La Chusa Highlands Improvement Assn. v. McCahon, Los Angeles Superior Court No. WEC 52905.

Plaintiffs contend that the trial court abused its discretion in sustaining the demurrer without leave to amend. We do not agree. ██ "Sustaining a general demurrer without leave to amend is not an abuse of discretion if it appears from the complaint that under applicable substantive law there is no reasonable possibility or probability that the defect can be cured by amendment." (*Buford* v. *State of California* (1980) 104 Cal.App.3d 811, 818 [164 Cal.Rptr. 264].) A complaint to which a general demurrer has been interposed must be read as if it contains matters of which the court may take judicial notice even in the face of allegations to the contrary. (*Saltares* v. *Kristovich, supra,* 6 Cal.App.3d 504, 510.) ██ Reading the first amended complaint in light of the record in the prior action, it is clear that the complaint cannot be amended to state causes of action for malicious prosecution and abuse of process against the individual defendants, who did not commence that action and were not parties thereto.

The judgment is affirmed.

Hanson (Thaxton), J., and Dalsimer, J., concurred.