[No. E002333. Fourth Dist., Div. Two. Aug. 11, 1986.]

IMOGEAN JOSLIN et al., Plaintiffs and Appellants, v.
H.A.S. INSURANCE BROKERAGE, Defendant and Respondent.

**Counsel**

Robert M. Holstein, Jr., and Brian C. Unitt for Plaintiffs and Appellants.

Joseph W. Fairfield and Bernard S. Shapiro for Defendant and Respondent.

**Opinion**

**RICKLES, J.**—Plaintiffs Imogean Joslin and Roxie E. Dumas (mother and daughter) have appealed from a judgment of dismissal in favor of defendant H.A.S. Insurance Brokerage (hereafter H.A.S.) following the sustaining of H.A.S.'s demurrer without leave to amend. Plaintiffs had substituted H.A.S. in place of a fictitiously named defendant but the court ruled the action against H.A.S. was barred by the statute of limitations because plaintiffs "knew or should have known" the identity of H.A.S. when the complaint was filed.

The issues on appeal are whether the court properly took judicial notice of deposition testimony in ruling on the demurrer, whether constructive as well as actual knowledge of the identity of a fictitiously named defendant will preclude later substitution, and whether the court erred in sustaining the demurrer.

The original complaint, which was filed in March 1982, alleged that plaintiffs purchased a certain Jeep vehicle in April 1981 from Desert Datsun Incorporated of Cathedral City. As part of the purchase plaintiffs agreed to pay $480 for a 12-month service contract which was imprinted with the name of Manufacturers Insurance Services Corporation (hereafter MISCO).

In August 1981, while the service contract was in effect, the Jeep suffered a mechanical breakdown in New Mexico. Plaintiffs made a timely claim for payment of repair bills and related expenses to MISCO but MISCO wrongfully refused to pay.

The complaint alleged causes of action for breach of contract, fraud, negligent misrepresentation, negligent and intentional infliction of emotional distress, and violation of section 790.03 of the Insurance Code. Named as defendants were Desert Datsun Incorporated and MISCO, various individuals allegedly associated with these companies, and 100 fictitiously named defendants.

In March 1985, an amendment to the complaint was filed substituting H.A.S. in place of the first fictitiously named defendant. H.A.S. demurred, asserting the action was barred by the statute of limitations because plaintiffs knew the identity of H.A.S. when the original complaint was filed and therefore could not claim the relation-back benefit of the fictitious name statute (Code Civ. Proc., § 474). In support of the demurrer H.A.S. relied on a leaflet which had been attached as an exhibit to the complaint and on portions of a deposition of plaintiff Joslin taken in February 1985. H.A.S.'s attorney submitted a declaration attesting to the accuracy of the selected pages of deposition transcript attached to his declaration. H.A.S. did not make a request for judicial notice.

The leaflet described the advantages of the automobile service agreement and listed the vehicle parts covered. It stated that the agreement was "presented by" H.A.S. and "administered by" MISCO. Addresses and telephone numbers for both H.A.S. and MISCO were given. In the complaint plaintiffs had admitted receiving this leaflet when they purchased the Jeep.

In her deposition testimony, plaintiff Joslin had admitted contacting an employee of H.A.S. after the Jeep broke down in an attempt to obtain payment for repairs. However, as will be discussed more fully later, it is not entirely clear from her testimony whether Joslin knew the individual was an employee of H.A.S. while she was talking to him or only learned his identity later, possibly even on the day of her deposition.

Plaintiffs submitted a memorandum of points and authorities in opposition to the demurrer which included an introductory statement of facts containing details and assertions not found in either the complaint or the deposition of plaintiff Joslin. According to the memorandum, Joslin made several phone calls to MISCO to obtain payment under the service contract. During one of these calls she was given the phone number of a man in San Jose, who she was informed was a "troubleshooter" for MISCO. The memorandum continued: "Although Plaintiff had several conversations via telephone with the man in San Jose, she was never informed nor in any other way led to believe that this man was anything other than an employee of MISCO. On February 8, 1985, while Mrs. Joslin's deposition was in progress, she was informed for the *first time,* by counsel for Defendants, the person with whom she spoke in San Jose worked for a company known as H.A.S. Insurance Brockerage [*sic*] (H.A.S.). Prior to February 8, 1985, Plaintiff's [*sic*] had not known, nor had they believed that they had had any dealings whatsoever with H.A.S. Although the name of H.A.S. appeared on the brochure given to the Plaintiffs on the date they purchased the vehicle, the Plaintiffs were certain that they had never had any personal dealings with H.A.S., nor was there any reasonable ground for believing otherwise." (Original italics.)

Plaintiffs objected to the consideration of the deposition testimony on the ground that evidence extrinsic to the complaint could not be considered in ruling on a demurrer. Nevertheless, plaintiffs submitted two additional pages of the Joslin deposition transcript in support of their own factual assertions.

The hearing on the demurrer was not reported. The matter was taken under submission and after a few days the court announced its ruling by minute order, stating: "The demurrer of Defendant H.A.S. is sustained without leave to amend. The basis of the ruling being that the actions are barred by the statute of limitations. The Court finds that Plaintiff knew or should have known of the identity of H.A.S. at the time of [*sic*] the original complaint was filed."

I

The first issue is whether the court could properly consider the deposition evidence in ruling on the demurrer.

H.A.S. defends its use of the Joslin deposition by invoking the principle that facts judicially noticed may be considered in ruling on a demurrer. H.A.S. relies on authorities holding that a court ruling on a demurrer may

take judicial notice of documents in its own files (see Evid. Code, § 452, subd. (d)), including answers to interrogatories and requests for admissions.

Application of this principle in the present case could be challenged on the basis that the appellate record does not establish the filing of the Joslin deposition, nor does it contain a request for judicial notice or a notice of intention to take judicial notice. (See Evid. Code, § 455.) However, plaintiffs have not raised these objections and do not dispute the accuracy of the deposition transcript, and therefore we prefer not to rest our decision on these grounds but instead will consider the broader issue of whether a court may take judicial notice of deposition testimony and then rely on the truth of that testimony in sustaining a general demurrer.

■ In determining the sufficiency of a complaint against demurrer a court will consider matters that may be judicially noticed. (*Javor v. State Board of Equalization* (1974) 12 Cal.3d 790, 796 [117 Cal.Rptr. 305, 527 P.2d 1153]; Code Civ. Proc., §§ 430.30, 430.70.) "Accordingly, a complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective." (*Iram Enterprises v. Veditz* (1981) 126 Cal.App.3d 603, 608 [179 Cal.Rptr. 1].)

■ Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning. (See *Middlebrook-Anderson Co. v. Southwest Sav. & Loan Assn.* (1971) 18 Cal.App.3d 1023, 1038 [96 Cal.Rptr. 338].) ■ On a demurrer a court's function is limited to testing the legal sufficiency of the complaint. (*Marina Tenants Assn. v. Deauville Marina Development Co.* (1986) 181 Cal.App.3d 122, 127 [226 Cal.Rptr. 321].) "A demurrer is simply not the appropriate procedure for determining the truth of disputed facts." (*Ramsden v. Western Union* (1977) 71 Cal.App.3d 873, 879 [138 Cal.Rptr. 426].) ■ The hearing on demurrer may not be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable. (See *Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 605 [176 Cal.Rptr. 824].)

Various tests or rules have been suggested to determine whether a court which has taken judicial notice of a document may take the further step of accepting its truth or adopting a proposed interpretation of its meaning.

When the court takes judicial notice of a document in its own files, or in those of another court, it has been said the court will not consider the truth of the document's contents unless it is an order, statement of decision, or judgment. (*Garcia v. Sterling* (1985) 176 Cal.App.3d 17, 22 [221

Cal.Rptr. 349]; *Ramsden* v. *Western Union, supra,* 71 Cal.App.3d at p. 879.) Other cases have suggested the court may accept the truth of statements made by the party whose pleadings are being challenged but not statements of an opponent or third party. (*Del E. Webb Corp.* v. *Structural Materials Co., supra,* 123 Cal.App.3d at pp. 604-605. See also *Able* v. *Van Der Zee* (1967) 256 Cal.App.2d 728, 734 [64 Cal.Rptr. 481].)

A third approach, which provides maximum flexibility while still insisting disputed factual issues cannot be resolved on demurrer, proposes "judicial notice of matters upon demurrer will be dispositive only in those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed." (*Cruz* v. *County of Los Angeles* (1985) 173 Cal.App.3d 1131, 1134 [219 Cal.Rptr. 661].)

Correct results will be reached in most cases by application of either of the first two rules, but there may be occasional cases which can only be resolved properly by using the third approach.[1] Although more subtle and for this reason requiring greater skill in its use, the third approach is in our opinion the most reliable in all cases. For example, there is a rule that a plaintiff is bound by an allegation in an earlier version of the complaint even though the allegation is omitted from later versions, but this rule is subject to the exception that a party will be allowed to correct a pleading by omitting an allegation made as a result of mistake or inadvertence. (*Reichert* v. *General Ins. Co.* (1968) 68 Cal.2d 822, 836 [69 Cal.Rptr. 321, 442 P.2d 377].) The third approach accommodates both the rule and its exception.

■ Applying the third approach to the facts before us, the trial judge could accept the truth of the facts stated in the Joslin deposition only to the extent they were not or could not be disputed. Plaintiffs do not dispute their having received a brochure containing the name of H.A.S. when they purchased the Jeep and they do not dispute plaintiff Joslin's having spoken by telephone with a man who was an employee of H.A.S. As these facts are disclosed by the deposition and are not disputed, the court could properly consider them in ruling on the demurrer.

Plaintiffs *do* dispute their *knowledge,* at any time before or during the filing of the complaint, of the man's status as an employee of H.A.S. After carefully examining the deposition testimony in question, we conclude that it does not undisputably establish plaintiff's knowledge, when the complaint was filed, of their having dealt with an employee of H.A.S. The explanation

---

[1]Thus we are not prepared to say that a court on a demurrer can never accept the truth of statements in a deposition and to this extent must part company with *Garcia* v. *Sterling, supra,* 176 Cal.App.3d at page 22.

given by plaintiffs in their papers opposing the demurrer—in which they said they learned only at the deposition of the employment status of the "man in San Jose"—is not inherently incredible and is not necessarily inconsistent with the deposition testimony. Otherwise stated, if the version set forth in plaintiffs' opposition papers were presented by appropriate testimony and the deposition testimony were offered in impeachment, the question of when plaintiffs acquired the knowledge in question could not be determined as a matter of law. As the knowledge was not established beyond dispute by the deposition evidence, the court could not consider it established for purposes of ruling on the demurrer.

## II

The fictitious name statute (Code Civ. Proc., § 474) enables a plaintiff who is ignorant of the identity of a defendant to file a complaint before the action is barred by the statute of limitations. When the defendant's identity is ascertained, it may be alleged in an amended complaint which will relate back to the date of filing of the original complaint, provided it seeks recovery on the same general set of facts. (*Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 934 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].)

Under section 474 a plaintiff is considered to be "ignorant of the name" of a defendant not only when he lacks knowledge of the defendant's identity but also when he knew the identity of the person but was ignorant of the facts giving him a cause of action against the person. (*Marasco* v. *Wadsworth* (1978) 21 Cal.3d 82, 88 [145 Cal.Rptr. 843, 578 P.2d 90]; *Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 617 [199 Cal.Rptr. 644].) Moreover, there is *no* requirement under section 474 that a plaintiff exercise reasonable diligence in discovering either the true identity of fictitious defendants or the facts giving him a cause of action against such persons. (*Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 947 [154 Cal.Rptr. 472]. Accord: *Dieckmann* v. *Superior Court* (1985) 175 Cal.App.3d 345, 351, fn. 2 [220 Cal.Rptr. 602]; *Streicher* v. *Tommy's Electric Co.* (1985) 164 Cal.App.3d 876, 882-883 [211 Cal.Rptr. 22]; *Dover* v. *Sadowinski* (1983) 147 Cal.App.3d 113, 116 [194 Cal.Rptr. 866]; *Barrows* v. *American Motors Corp.* (1983) 144 Cal.App.3d 1, 10, fn. 4 [192 Cal.Rptr. 380].)

The leaflet which plaintiffs obtained when they purchased the Jeep informed them only that H.A.S. had "presented" the service contract. It did not impart knowledge of facts giving plaintiffs a cause of action against H.A.S. upon the later failure to obtain payment under the contract. Neither the complaint nor the leaflet nor the deposition testimony of plaintiff Joslin establish knowledge by plaintiffs, when the complaint was filed, of H.A.S.'s

involvement in the denial of their claim under the service contract. Plaintiffs' allegation in the original complaint of their ignorance of the true name of Doe I (i.e., H.A.S.) has not been conclusively shown to be false or sham. Accordingly, the court erred in sustaining the general demurrer.

The judgment in favor of defendant H.A.S. is reversed.

Kaufman, Acting P. J., and Dorr, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.