Filed 6/13/13  Vaults v. U.S. Bank Nat. Assn. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| EARL L. VAULTS, JR., | D060606 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2010-00103203-CU-OR-CTL) |
| U.S. BANK, NATIONAL ASSOCIATION, | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed.

Earl L. Vaults, Jr., in Pro. Per., for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, J. Barrett Marum, Karin Dougan Vogel and Mark G. Rackers for Defendant and Respondent.

Plaintiff Earl L. Vaults, Jr., appeals a judgment entered after the trial court sustained the demurrer of defendant U.S. Bank, N.A. (Bank) in an action filed by Vaults arising out of a loan and subsequent nonjudicial foreclosure on real property he encumbered as security for the loan.  On appeal, he contends: (1) he adequately alleged a

cause of action for unconscionability; (2) he was not required to make a tender of payment; and (3) the trial court erred by taking judicial notice of the contents of certain recorded documents. Based on the grounds discussed below, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 1998, Vaults inherited real property located on Hemlock Street in San Diego (Property). By 2005, he apparently had obtained numerous adjustable rate home equity loans for which he encumbered the Property with deeds of trust. On or about February 16, 2006, apparently through Mortgage Partners, Inc. (MP) and Bob Anyanwu, MP's agent or broker and Vaults's trusted financial advisor, Vaults applied for an adjustable rate home equity loan in the principal amount of $315,000 with Downey Savings and Loan Association, F.A. (Downey). On or about February 23, 2006, Vaults signed the documents for the loan, including a deed of trust encumbering the Property as security for the loan (Trust Deed). The Trust Deed was recorded on March 1, 2006.

In 2008, Vaults and Downey entered into a loan modification agreement, lowering his loan's monthly payments. However, in 2009 Vaults defaulted and Bank, as Downey's successor-in-interest, recorded a notice of default and election to sell under the power of sale in the Trust Deed. On April 30, 2010, following nonjudicial foreclosure by a trustee's sale, a trustee's deed after sale was recorded transferring title to the Property from Vaults to SD Coastline, LP, the purchaser at the trustee's sale.

On March 15, 2010, Vaults filed a complaint against Bank and other defendants alleging fraud and other causes of action arising out of misrepresentations made about the

2

time he executed the loan documents on or about February 23, 2006. Bank demurred to the complaint, arguing Vaults's claims were time-barred. Bank also requested the trial court take judicial notice of the Trust Deed and documents related to the trustee's sale. The trial court sustained the demurrer with leave for Vaults to amend. The court stated:

> "On the face of the complaint, it appears that most of the causes of action asserted are barred by the applicable statutes of limitation. The original loan closed on February 23, 2006. [Citation.] This lawsuit was filed over four years later, on March 15, 2010. . . . [¶] Plaintiff contends that the statutes of limitation did not begin to run until the date of discovery. According to plaintiff, the date of discovery is 'the date surrounding the loan modification and the breach of oral contract date . . . .' [Citation.] There are no facts alleged to support this new allegation."

The court also granted Bank's request for judicial notice.

Vaults filed a first amended complaint. Bank demurred to that complaint, arguing the claims were time-barred. The court sustained the demurrer without leave to amend as to six causes of action and with leave to amend as to the remaining nine causes of action. The court stated:

> "While it appears that the applicable statutes of limitation bar plaintiff's claims, plaintiff has attempted to plead the delayed discovery rule. [¶] . . . [¶]
>
> "Plaintiff alleges that he is entitled to the delayed discovery rule 'because plaintiff only just found out about the fraud, misrepresentations, and other wrongs perpetrated on him . . . .' [Citation.] . . .
>
> "Plaintiff does not allege a date for his delayed discovery, nor does plaintiff state facts demonstrating his inability to have made an earlier discovery despite reasonable diligence."

3

Vaults filed a second amended complaint.  Bank demurred to that complaint, arguing the claims were time-barred and Vaults had not alleged adequate facts for application of the delayed discovery rule.  The court sustained the demurrer without leave to amend as to two causes of action and with leave to amend as to the remaining causes of action.  The court stated: "Plaintiff is granted leave to amend to state sufficient facts to support the delayed discovery rule."  It further stated: "[I]f [Bank] chooses to demur to Plaintiff's TAC [third amended complaint], it is allowed to brief the reasons it believes Plaintiff['s] claims are barred by the applicable statutes of limitations."  The court also stated:

> "Plaintiff alleges that he only dealt with Bob Anyanwu, his trusted Family Financial Advisor/Tax Consultant of 18 years.  Mr. Anyanwu is alleged to be an agent/broker for [MP].  He is the only person who could have made these alleged statements to Plaintiff. Plaintiff does not allege facts to support an allegation that [Bank] made the alleged statements or was involved in causing anyone to make the statements.  [¶] . . .  Hence, any false representations to Plaintiff could not have been made by a [Bank] employee/representative."

Vaults filed a third amended complaint, alleging causes of action for: (1) violations of Business and Professions Code section 17200 et seq.; (2) fraud; (3) fraud in the inducement; (4) unfair business practices; (5) wrongful foreclosure; (6) civil conspiracy; (7) aiding and abetting; (8) unlawful joint venture; and (9) violation of the Truth in Lending Act (TILA).  That complaint alleged "Plaintiff's rights to claims of damages under the applicable statutes of limitations of four years must be extended and tolled because of an act of God and impossibility," citing his attorney's unexpected

4

development of cancer before February 26, 2010. Bank demurred to that complaint, arguing the claims were time-barred and not subject to equitable tolling under the delayed discovery rule. Citing various statutes of limitation, including the "default" four-year statute of limitations (Code Civ. Proc., § 343), Bank argued Vaults's action was filed more than four years after the alleged misrepresentations and other wrongful acts and therefore those causes of action were time-barred. It also argued the delayed discovery rule did not apply because Vaults had not pleaded facts showing the time and manner of his purported delayed discovery *or* his inability to make an earlier discovery of the facts essential to his claim despite reasonable diligence. Bank also requested the trial court take judicial notice of certain additional documents relating to Downey's loan and Vaults's prior loans.

The trial court sustained the demurrer without leave to amend. The court stated it agreed with Bank's demurrer to all nine causes of action on the ground they were *time-barred* and therefore failed to state facts sufficient to constitute a cause of action. As an alternative ground for its ruling, the court stated: "Also problematic are the allegations pertaining to Plaintiff's 'longtime tax advisor' Bob Anyanwu. Plaintiff alleged Anyanwu made all of the alleged misrepresentations involved in the mortgage at issue in this action; however, Plaintiff has failed to adequately allege Anyanwu had any connection to [Bank]. His vague allegations of conspiracy do not suffice." Finally, the court stated: "[T]he problems with Plaintiff's Second Amended Complaint, which the Court set forth in its ruling on June 17, 2011, have not been adequately corrected, nor can they based on

5

Plaintiff's failure to timely file this action."  The court also granted Bank's request for judicial notice.

On September 15, 2011, the trial court entered judgment for Bank.  Vaults timely filed a notice of appeal.

DISCUSSION

I

*Presumption of Correctness and Appellant's Burden on Appeal*

A trial court's judgment or order is presumed to be correct.  In *Denham v. Superior Court* (1970) 2 Cal.3d 557, the court stated:

> "[I]t is settled that: 'A judgment or order of the lower court is
> *presumed correct*.  All intendments and presumptions are indulged
> to support it on matters as to which the record is silent, and error
> must be affirmatively shown [by the appellant].  This is not only a
> general principle of appellate practice but an ingredient of the
> constitutional doctrine of reversible error.' "  (*Id*. at p. 564.)

"The burden of affirmatively demonstrating error is on the appellant."  (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.)  "An appellant must provide an argument and legal authority to support his contentions.  This burden requires more than a mere assertion that the judgment is wrong.  'Issues do not have a life of their own:  If they are not raised or supported by argument or citation to authority, [they are] . . . waived.'  [Citation.]  It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.  When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and

6

citations to authority, we treat the point as waived."  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

"Where a point is merely asserted by [appellant] without any [substantive] argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion."  (*People v. Ham* (1970) 7 Cal.App.3d 768, 783, disapproved on another ground in *People v. Compton* (1971) 6 Cal.3d 55, 60, fn. 3.)  "Issues do not have a life of their own: if they are not raised or supported by [substantive] argument or citation to authority, we consider the issues waived."  (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99; see also *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["[w]hen an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary"]; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [contention was deemed waived because "[a]ppellant did not formulate a coherent legal argument nor did she cite any supporting authority"]; *Colores v. Board of Trustees* (2003) 105 Cal.App.4th 1293, 1301, fn. 2 ["[t]he dearth of true legal analysis in her appellate briefs amounts to a waiver of the [contention] and we treat it as such"]; *Bayside Auto & Truck Sales, Inc. v. Department of Transportation* (1993) 21 Cal.App.4th 561, 571.)  Appellants acting in propria persona are held to the same standards as those represented by counsel.  (See, e.g., *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 819.)

7

## II

### *Demurrer Standard of Review*

"A demurrer tests the legal sufficiency of the complaint.  [Citation.]  Therefore, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action.  [Citation.]  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.'  [Citation.]  The trial court exercises its discretion in declining to grant leave to amend.  [Citation.]  If it is reasonably possible the pleading can be cured by amendment, the trial court abuses its discretion by not granting leave to amend.  [Citation.]  The plaintiff has the burden of proving the possibility of cure by amendment."  (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 78.)

In reviewing an order sustaining a demurrer in whole or in part, "courts must assume the truth of the complaint's properly pleaded or implied factual allegations.  [Citation.]  Courts must also consider judicially noticed matters.  [Citation.]  In addition, we give the complaint a reasonable interpretation, and read it in context."  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  A complaint otherwise adequate on its face is nevertheless subject to demurrer when facts judicially noticed show it is defective.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6; *Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374.)  An affirmative defense may be raised on demurrer and, if that defense appears to, on the face of the complaint with consideration of judicially noticed facts, necessarily bar one or more causes of action, the demurrer

must be sustained in whole or in part. (*Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403; *Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1155; *Evans v. City of Berkeley*, at p. 6; *Joslin v. H.A.S. Ins. Brokerage*, at p. 374.)

III

*Waiver of Appellate Contentions*

Bank contends, and we agree, that Vaults has waived his appellate contentions by not presenting any comprehensible or coherent, substantive legal arguments supported by citations to the record and legal authorities showing the trial court erred by sustaining Bank's demurrer. Vaults has not presented any coherent, substantive argument or analysis showing the trial court erred by concluding his causes of action are time-barred. In demurring to Vaults's third amended complaint, Bank argued that because his action was filed more than four years after the alleged misrepresentations and other wrongful acts, all of his causes of action are barred by applicable statutes of limitation. In sustaining the demurrer, the court agreed with Bank's argument that Vault's causes of action were time-barred and he had not sufficiently alleged specific facts to support application of the delayed discovery rule that could have tolled the running of those statutes of limitation. However, in his appellant's opening and reply briefs, Vaults does not present *any*, much less substantive, legal argument that the trial court erred by concluding his causes of action are time-barred by applicable statutes of limitation. Instead, he raises other issues on which the trial court did not rely in sustaining the

9

demurrer and do not otherwise show his third amended complaint states valid causes of action.

Because Vaults has not presented any substantive legal argument showing the trial court erred by concluding his causes of action are time-barred, we conclude Vaults has waived any appellate contention that the trial court erred by sustaining Bank's demurrer on that ground. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564; *Fundamental Investment etc. Realty Fund v. Gradow*, *supra*, 28 Cal.App.4th at p. 971; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105 [conclusory claims did not persuade appellate court]; *Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852; *People v. Ham*, *supra*, 7 Cal.App.3d at p. 783; *Jones v. Superior Court*, *supra*, 26 Cal.App.4th at p. 99; *Landry v. Berryessa Union School Dist.*, *supra*, 39 Cal.App.4th at pp. 699-700; *Ochoa v. Pacific Gas & Electric Co.*, *supra*, 61 Cal.App.4th at p. 1488, fn. 3; *Colores v. Board of Trustees*, *supra*, 105 Cal.App.4th at p. 1301, fn. 2; *Bayside Auto & Truck Sales, Inc. v. Department of Transportation*, *supra*, 21 Cal.App.4th at p. 571.)

Alternatively stated, because Vaults has the burden on appeal to affirmatively show the trial court erred by concluding his causes of action are time-barred, and has failed to carry that burden, we must presume the court's judgment is correct. Vaults's appellate contentions regarding alleged unconscionability, tender of payment, and judicial notice do not show the trial court erred by concluding his causes of action are time-barred, or that his third amended complaint states valid causes of action regardless of the applicable statutes of limitation. Furthermore, Vaults has not made any attempt to

10

show there is a reasonable possibility his third amended complaint can be amended to state valid causes of action.  We conclude the trial court did not abuse its discretion by sustaining Bank's demurrer without leave to amend.[1]

DISPOSITION

The judgment is affirmed.


McDONALD, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

---

[1]    In so concluding, we need not address the merits of the trial court's statutes of limitation ground or alternative grounds for sustaining Bank's demurrer.

11