[No. B004384. Second Dist., Div. Five. Aug. 13, 1984.]

LYMAN D. COVELL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LAWRENCE DRASIN et al., Real Parties in Interest.

Counsel

Monty G. Mason II for Petitioner.

No appearance for Respondent.

Hartman, Morton & Schlegel and Richard J. Schlegel for Real Party in Interest.

Opinion

**FEINERMAN, P. J.**—Petitioner seeks an extraordinary writ restraining respondent court from enforcing an order compelling further answers on deposition. Following receipt of opposition to the petition (rule 56, Cal. Rules of Court), we issued an alternative writ to consider whether evidence of settlement offers or discussions can be a proper subject of discovery.[1]

The salient facts are as follows: In January 1975, real parties in interest filed a lawsuit against petitioner and others (the earlier action). In February 1980, that suit was terminated by entry of judgment in favor of petitioner. In February 1981, petitioner filed suit against real parties for malicious prosecution based on their having filed the earlier action. In the course of taking petitioner's deposition in the malicious prosecution action, real parties sought to inquire about any settlement offers he had made—or which counsel had made on his behalf—in the earlier action. When counsel objected to this line of questioning, real parties brought their motion to compel further answers, the granting of which led to the filing of this petition.

We issued the alternative writ to consider whether the public policy, enunciated in Evidence Code section 1152[2] and approved by the Supreme Court in *C & K Engineering Contractors* v. *Amber Steel Co.* (1978) 23 Cal.3d 1

---

[1]The petition sought a writ of prohibition. Having determined that the relief sought could better be achieved via a writ of mandate, we issued an alternative writ of mandate. (*Carmona* v. *Division of Industrial Safety* (1975) 13 Cal.3d 303, 309, fn. 4 [118 Cal.Rptr. 473, 530 P.2d 161]; *Honore* v. *Superior Court* (1969) 70 Cal.2d 162, 164-165 [74 Cal.Rptr. 233, 449 P.2d 169]; 5 Witkin, Cal. Procedure (2d ed.) Extraordinary Writs, §§ 183-184, pp. 3942-3944.)

[2]Evidence Code section 1152 provides, in pertinent part, as follows: "(a) Evidence that a person has, in compromise or from humanitarian motives, furnished or offered or promised to furnish money or any other thing, act, or service to another who has sustained or will sustain or claims that he has sustained or will sustain loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his liability for the loss or damage or any part of it."

[151 Cal.Rptr. 323, 587 P.2d 1136], which makes inadmissible evidence of an offer to settle or compromise a claim, also precludes pretrial discovery of such offers.

■ Preliminarily we note that the use of extraordinary writs for pretrial review of orders granting discovery is generally disfavored and that such writs should be used only to review questions of first impression that are of general importance to the trial courts and to the profession. (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854]; *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185-186, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439].) Such a question is presented by the present petition. Moreover, since Evidence Code section 1152 will require exclusion of the fruits of such discovery at trial, it is unlikely that the issue will surface in an appeal. Thus, as a practical matter, an extraordinary writ is the only effective method of reviewing the issue for the guidance of trial courts and the bar.

The scope of permissible inquiry on deposition is governed by Code of Civil Procedure section 2016, subdivision (b), which provides that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears *reasonably calculated to lead to the discovery of admissible evidence.*" (Italics added.)

■ Communications made in the course of settlement discussions are not "privileged." Privileged matters are defined in division 8 of the Evidence Code, comprising sections 900 to 1070. Section 1152 of the Evidence Code is contained in division 9. The statutory protection afforded to offers of settlement does not elevate them to the status of privileged material. Our inquiry therefore must focus on whether discovery of settlement negotiations is "relevant to the subject matter involved in the pending action," or "appears reasonably calculated to lead to discovery of admissible evidence."

■ In deciding whether a matter is subject to discovery because it is relevant to the subject matter of the pending action, there is no precise or universal test of relevancy furnished by the law. Relevancy to subject matter must be determined in each case according to the teachings of reason and judicial experience. (*Ascherman* v. *Superior Court* (1967) 254 Cal.App.2d 506, 514 [62 Cal.Rptr. 547]; *Morris Stulsaft Foundation* v. *Superior Court* (1966) 245 Cal.App.2d 409, 416 [54 Cal.Rptr. 12].) Although relevancy to the subject matter is a broader concept than relevancy to the issues (*Pettie* v. *Superior Court* (1960) 178 Cal.App.2d 680, 687 [3 Cal.Rptr. 267]), if

the information sought to be elicited relates to matters of little or no practical benefit to the party seeking disclosure, a timely objection on the grounds that the question asked is not relevant to the subject matter in the pending action and not reasonably calculated to lead to admissible evidence should be sustained by a trial judge. (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 7 [123 Cal.Rptr. 283, 538 P.2d 739]; *Pacific Tel. & Tel. Co.* v. *Superior Court, supra,* 2 Cal.3d at p. 173; *Ryan* v. *Superior Court* (1960) 186 Cal.App.2d 813, 817 [9 Cal.Rptr. 147].)

Evidence Code section 1152 precludes admission of settlement offers, and conduct or statements made in settlement negotiations, to prove liability for the loss or damage to which the negotiations relate. ██ To the extent that real parties sought discovery for the purpose of defending the malicious prosecution action by establishing the validity of their claim in the earlier action, Evidence Code section 1152 would clearly make any such evidence inadmissible.[3]

Real parties argue, however, that the evidence which they seek through discovery would not be offered to prove petitioner's liability for loss or damage. Rather, they wish to prove that the earlier action was not brought without probable cause or initiated with malice (*Iram Enterprises* v. *Veditz* (1981) 126 Cal.App.3d 603, 607 [179 Cal.Rptr. 1]), by demonstrating through evidence of a settlement offer that petitioner recognized the validity of their claim in the earlier action.

Initially, we point out that no such inference may reasonably be drawn. A defendant will often attempt to buy peace, for economic reasons, even in a frivolous lawsuit. ██ More importantly, the issue in the malicious prosecution action is not petitioner's frame of mind as to the earlier lawsuit. It is real parties' frame of mind and whether *they* believed that they had probable cause or whether they acted out of malice. Petitioner's state of mind being irrelevant, the discovery which real parties seek to compel is neither relevant to the subject matter of the malicious prosecution action nor "reasonably calculated to lead to discovery of admissible evidence." Respondent court therefore abused its discretion in granting real parties' motion.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of January 26, 1984, granting the motion of real parties in interest to compel further answers on deposition in that matter entitled Lyman D. Covell, plaintiff v. Lawrence Drasin et al., defendants, Los Angeles

---

[3]Presumably, principles of res judicata would likewise preclude evidence attempting to establish petitioner's liability in the earlier action.

Superior Court case No. C 355827, and enter a new and different order denying said motion.

Stephens, J., and Ashby, J., concurred.