[No. B019444. Second Dist., Div. Five. Jan. 22, 1987.]

HARRY S. YOUNG et al., Plaintiffs and Respondents, v.
MICHAEL L. KEELE et al., Defendants and Appellants.

COUNSEL

David S. White, Rita M. Haeusler and Dern, Mason & Floum for Defendants and Appellants.

Michael J. Gurfinkel and Karno, Schwartz & Friedman for Plaintiffs and Respondents.

OPINION

HASTINGS, J.— The novel issue on this appeal is whether a judgment debtor at his judgment debtor's examination can refuse to answer questions related to settlement negotiations that occurred after the judgment.

On November 7, 1984, a judgment was entered against Michael L. Keele and Michael L. Keele Enterprises, Inc. (collectively Keele) for $484,000. The judgment was in favor of Harry S. Young, Jai H. Young, Harold Singh, Benita I. Singh, Syed A. Ali and Anita A. Ali (judgment creditors). Pursuant to Code of Civil Procedure section 708.110, subdivision (a)[1] judgment creditors set for hearing a judgment debtor's examination. After numerous postponements and motions, the examination of Keele commenced on January 22, 1986. The examination was continued to February 6, 1986. Between January 22 and February 6 the parties engaged in settlement negotiations. They tentatively reached an agreement under which Keele was obligated to make a total payment of $370,000 to judgment creditors payable $25,000 concurrently with the execution of the agreement and $25,000 by February 20, 1986, and the balance in 16 consecutive quarterly payments. Shortly before February 6, 1986, Keele reneged on the agreement.

---

[1] Code of Civil Procedure section 708.110, subdivision (a) provides: "(a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment."

During the course of the February 6 judgment debtor's examination, counsel for judgment creditors asked Keele questions regarding the proposed settlement agreement and in particular the source of funds to be used. Under advice of counsel Keele refused to answer the questions,[2] citing Evidence Code sections 1152 and 1154.[3] The trial court overruled Keele's objections, ordered Keele to answer the questions, and stayed the judgment debtors examination for 30 days pending appeal of this issue.

The issue before us is one of first impression. The parties have cited no cases directly or even inferentially in point, and our research has also been fruitless. It is Keele's position that the public policy consideration (settlement of lawsuits) behind sections 1152 and 1154 is so broad that it prohibits any evidence concerning conduct or statements made in settlement negotiations in any type of legal proceedings. To bolster this argument Keele cites California Code of Civil Procedure section 708.130.[4] This section provides that witnesses may be required to appear and testify in an examination proceeding in the same manner as they would upon the trial of an issue. It thus follows, claims Keele, that settlement testimony excludable at trial is in the same category at a judgment debtor's examination proceeding.

---

[2] The questions and counsel's advice to his client are as follows: "Q. Mr. Keele, do you recall that recently you made a proposal to my clients and part of that proposal included the payment of $50,000 by February 20, 1986? [¶] MR. WHITE: Object and instruct not to answer. It's irrelevant, and any testimony concerning any proposals, any offers to compromise, any proposed settlements is totally inadmissible under both sections of the Evidence Code which have to do with proposed settlements and offers to compromise. . . . Q. During the past 72 hours did you attempt to obtain $25,000—MR. WHITE: Object. Q.—from any source? MR. WHITE: Object, attorney-client privilege, irrelevant, and inadmissible under both Evidence Code sections which render inadmissible offers to compromise and settlement negotiations."

[3] Evidence Code section 1152: "(a) Evidence that a person has, in compromise or from humanitarian motives, furnished or offered or promised to furnish money or any other thing, act or service to another who has sustained or will sustain or claims that he has sustained or will sustain loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his liability for the loss or damage or any part of it. [¶] (b) This section does not affect the admissibility of evidence of: [¶] (1) partial satisfaction of an asserted claim or demand without questioning its validity when such evidence is offered to prove the validity of the claim; or [¶] (2) A debtor's payment or promise to pay all or a part of his preexisting debt when such evidence is offered to prove the creation of a new duty on his part or a revival of his preexisting duty."

Evidence Code section 1154: "Evidence that a person has accepted or offered or promised to accept a sum of money or any other thing, act, or service in satisfaction of a claim, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove the invalidity of the claim or any part of it."

[4] Code of Civil Procedure section 708.130: "(a) Witnesses may be required to appear and testify before the court or referee in an examination proceeding under this article in the same manner as upon the trial of an issue. [¶] (b) The privilege prescribed by Article 4 (commencing with Section 970) of Chapter 4 of Division 8 of the Evidence Code does not apply in an examination proceeding under this article."

In support of his argument Keele cites *Covell* v. *Superior Court* (1984) 159 Cal.App.3d 39 [205 Cal.Rptr. 371], decided by this court. We held that the trial court in a malicious prosecution action had abused its discretion in granting a motion to compel discovery regarding any settlement offers plaintiff made in the prior action which triggered the malicious prosecution suit. We stated that Evidence Code section 1152 precludes admission of settlement offers *to prove liability* for the loss or damage to which the negotiations relate. Real parties in that writ proceeding argued that the evidence would not be used to prove petitioner's liability but was sought to demonstrate that petitioner recognized the validity of their claim in the earlier action. We explained that such evidence would be irrelevant because the issue in the malicious prosecution action was not petitioner's frame of mind but real parties frame of mind and whether they believed they had probable cause to sue. *Covell* is clearly not in point and is not concerned with the type of evidence that is being sought in a debtor's examination. Other cases cited by Keele do not relate to debtor examination cases and are clearly inapposite.

Keele's argument that the public policy consideration behind Evidence Code sections 1152 and 1154 precludes the questions in issue is illogical. These sections were enacted to encourage settlements in order to ease the court's heavy *trial* caseload. In a Code of Civil Procedure section 708.110 (formerly § 714) hearing, the examination is intended to be summary and factual according the widest scope for inquiry concerning property and business affairs of the debtor; the object of the proceedings being to compel the judgment debtor to give information concerning his property. (8 Witkin, Cal. Procedure (3d ed. 1985) Enforcement of Judgment, § 274, p. 238, citing *Coleman* v. *Galvin* (1947) 78 Cal.App.2d 313 [177 Cal.Rptr. 606].) Public policy does not support a judgment debtor's attempt to be less than candid about his assets and ability to pay the judgment especially when a definite legislative policy has established a procedure for aiding judgment creditors collection of their judgments.

We next turn to Keele's argument that Evidence Code sections 1152 and 1154 specifically prohibit the questions asked here. To the contrary, the language of section 1152 refutes Keele's argument because it limits the scope of the exclusion. Subdivision (a) provides: "Evidence that a person has, in compromise . . . furnished or offered or promised to furnish money . . . to another who has sustained . . . loss or damage, as well as any conduct or statements made in negotiation thereof, *is inadmissible to prove his liability for the loss or damage or any part of it.*" (Italics added.) Section 1154 which deals with offers to discount a claim is just as clear stating that any conduct or statements made in negotiation thereof "is inadmissible to prove the invalidity of the claim or any part of it." These sections only prohibit "the introduction into evidence of an offer to compromise a claim *for the purpose of*

*proving liability for that claim.*" (*Fletcher* v. *Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 396 [89 Cal.Rptr. 78, 47 A.L.R.3d 286].)[5] Furthermore, the judgment creditors were not attempting to "offer" evidence, but were attempting to elicit information from Keele to help satisfy their money judgment.

Judgment creditors make an interesting observation in their brief; they state that if Keele's argument is accepted it would be a convenient format for a judgment debtor to engage in settlement negotiations before an examination and then decline to answer questions on the basis that they were related to the settlement negotiations. We agree.

Judgment creditors have asked us to impose sanctions claiming that Keele has taken this appeal solely for purposes of delay. While there may be merit to this argument, Keele has presented this court with a case of first impression that perhaps needed addressing. While we find no merit to Keele's position, we cannot conclude that it is frivolous. The request for sanctions is denied.

The order of the court is affirmed.

Ashby, Acting P. J., and Eagleson, J., concurred.

---

[5]Keele's liability had been established therefore the sections are inapplicable to his situation.