[No. C034390. Third Dist. Mar. 4, 2002.]

RICK McPHEARSON, Plaintiff and Appellant, v.
THE MICHAELS COMPANY, Defendant and Respondent.

**COUNSEL**

Law Office of John M. Riestenberg and John M. Riestenberg for Plaintiff and Appellant.

Littler Mendelson, Littler Mendelson Palmer Disario Kazanjian Holden, David J. Neill and Larry M. Kazanjian for Defendant and Respondent.

**OPINION**

SCOTLAND, P. J.—Rick McPhearson (plaintiff) appeals from an order disqualifying his attorney, John M. Riestenberg, from representing plaintiff in a discrimination and harassment action against plaintiff's employer, The Michaels Company (defendant). Following the holding in *Gilbert v. National*

*Corp. for Housing Partnerships* (1999) 71 Cal.App.4th 1240 [84 Cal.Rptr.2d 204] (hereafter *Gilbert*), the trial court disqualified Riestenberg because of a perceived conflict of interest arising out of his representation of another employee who entered into a confidential settlement agreement with defendant.

In *Gilbert*, an attorney who successfully represented employees in a discrimination and harassment action brought against their employer was found to be disqualified from representing another employee in a similar case against the employer. (*Gilbert, supra,* 71 Cal.App.4th at pp. 1243-1244.) *Gilbert* held that the settlement agreement reached in the first action, which required the parties " 'to keep the fact of this Settlement and this Agreement, and each of its terms, strictly confidential,' " and specified severe sanctions for breach of the confidentiality provision (*id.* at pp. 1245, 1252), created a conflict of interest that justified an order disqualifying the attorney from representing the other employee (*id.* at pp. 1243, 1252-1254).

For reasons that follow, we believe *Gilbert* exaggerated the conflict of interest posed by such a confidentiality provision. Moreover, in this case, unlike in *Gilbert*, both plaintiff and the employee who entered into the settlement agreement waived the conflict of interest posed by Attorney Riestenberg's representing them. Finding no justification for the order under the circumstances of this case, we conclude the trial court abused its discretion in disqualifying Riestenberg from further representation of plaintiff in this action. Accordingly, we shall reverse the order.

FACTS

Before representing plaintiff in this action against defendant, Attorney Riestenberg's represented Kevin Harris in a lawsuit against defendant and some of its employees (hereafter the Harris lawsuit). Harris alleged that defendant, his employer, was liable for racial discrimination, harassment, retaliation in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.), and retaliation contrary to public policy.

The Harris lawsuit was settled. Included in the settlement agreement was a clause stating: "Harris represents and agrees that he will keep the terms of this Agreement completely confidential and that he will not hereafter disclose any information concerning this Agreement to anyone, including, but not limited to, any past, present or prospective employee, creditor or customer of [defendant], with the exception of [Harris's] accountant, fiancé, or spouse or by a court of competent jurisdiction."

Shortly before the Harris lawsuit was settled, plaintiff (who also was represented by Attorney Riestenberg) filed a complaint against defendant. Like the Harris lawsuit, plaintiff's complaint alleged racial discrimination, harassment, and retaliation in violation of FEHA.

Defendant moved to disqualify Attorney Riestenberg from further representation of plaintiff in this action. Relying on the holding in *Gilbert, supra,* 71 Cal.App.4th 1240, defendant claimed that the confidentiality clause of the Harris lawsuit settlement agreement created an unwaivable conflict of interest between Riestenberg's representation of Harris and his representation of plaintiff.

Although Harris and plaintiff filed written waivers of the conflict of interest, the trial court concluded the decision in *Gilbert* was applicable and dispositive. Hence, the court granted defendant's motion to disqualify Attorney Riestenberg.

## DISCUSSION

As we have noted, *Gilbert, supra,* 71 Cal.App.4th 1240 involved an attorney who had negotiated a settlement agreement in a dispute between certain employees and their employer. Among other things, the parties agreed to keep the fact of settlement, the agreement, and each of its terms strictly confidential. (*Id.* at p. 1245.) The agreement imposed significant penalties for a violation of its confidentiality provisions. (*Ibid.*) Later, the attorney undertook to represent another employee, Eloise Gilbert, in a similar action against the employer. (*Ibid.*) At the outset of trial, it appeared that the attorney intended to call one of the settling employees, Edwin Franklin, to testify on Gilbert's behalf; consequently, the employer moved to exclude Franklin's testimony on the ground that he should not be allowed to testify about any matters made confidential by the settlement agreement. (*Id.* at p. 1246.) Expressing concern that the settlement agreement created a conflict of interest between the representation of Franklin and Gilbert, the trial court disqualified the attorney from further representing Gilbert in the action. (*Id.* at pp. 1246-1247, 1250.)

The Court of Appeal affirmed the disqualification order (*Gilbert, supra,* 71 Cal.App.4th at p. 1259), reasoning as follows: Franklin's testimony would place him at risk of violating the settlement agreement and incurring severe sanctions. (*Id.* at p. 1252.) The trial court "quite properly feared that [Gilbert's] attorney would be unable to prevent Franklin [his other client] from crossing into prohibited territory while the attorney was simultaneously trying to elicit *testimony* helpful to [Gilbert's] case, much less while Franklin was being subjected to cross-examination by [defense counsel]." (*Ibid.*)

Even if the attorney could successfully prevent Franklin from testifying about matters made confidential by the settlement agreement, a conflict of interest still existed. (*Id.* at p. 1253) "[Gilbert] knew about the Settlement Agreement and the underlying facts herself [and] obtained this information independently of her attorney. Not being a party to the Settlement Agreement, [Gilbert] was not bound by its Confidentiality Clause. Thus, she could have presented this evidence herself without the assistance of Franklin or any of the [other parties to the settlement agreement]. To the extent her attorney curtailed his presentation of this favorable evidence in an attempt to reconcile the divergent interests of his multiple clients and the obligations of confidentiality arising from his own participation in the mediation and negotiation of the Settlement Agreement, [the attorney] necessarily violated his duty of loyalty to [Gilbert]." (*Id.* at pp. 1253-1254.) In sum, "[Gilbert] wanted her attorney's other clients to testify in her own case, even though they risked violating the Settlement Agreement and compromising their own interests by doing so. Under the circumstances presented, this conflict of interest was irreconcilable," justifying the attorney's disqualification from representing Gilbert in the action. (*Id.* at p. 1254.)

The decision in *Gilbert* emphasized there was "no evidence in the record of this case that either [Gilbert], Franklin, or any of the other complaining . . . employees ever gave informed written consent to the actual conflict of interest posed by their attorney continuing to represent all of them in connection with this matter." (*Gilbert, supra,* 71 Cal.App.4th at p. 1255.) It follows, *Gilbert* concluded, that "[t]he absence of this necessary consent arguably makes their continued representation by [the attorney] a violation of the Rules of Professional Conduct [of the State Bar of California]. Under these circumstances, [Gilbert's] right to retain the counsel of her choice must yield to the court's obligation to protect ' "the very integrity of our judicial process" ' from a violation of the ethical standards of professional responsibility. [Citations.] Because the continuation of the attorney-client relationship in this situation was prima facie improper, the remedy of disqualification was appropriate. The trial court acted well within its broad discretion in ordering it. [Citations.]" (*Id.* at p. 1256.)

█ We begin our analysis by observing what we perceive to be an exaggeration in *Gilbert* when it found there was a "very real danger to [the settling employees] posed by *any* testimony they might give in [that] case." (*Gilbert, supra,* 71 Cal.App.4th at p. 1252, original italics.) This is not so because the confidentiality clause of the settlement agreement in *Gilbert* simply provided: " 'The parties agree to keep the fact of this Settlement and this Agreement, and each of its terms, strictly confidential. This provision does not apply to discussions between the Employee and his counsel

. . . .' " (*Id.* at p. 1245.) In other words, nothing in the confidentiality clause precluded the settling employees from testifying as percipient witnesses to any events relating to Gilbert.

Indeed, it would be contrary to public policy to permit a party to litigation to dissuade or otherwise influence the testimony of a percipient witness through a private agreement. (See Evid. Code, § 911 [unless otherwise provided by statute, no one has a privilege to refuse to be a witness; to refuse to disclose a matter or produce a writing, object, or other thing; or to insist that another person not be a witness, not disclose a matter, or not produce a writing, object, or other thing]; Pen. Code, § 136.1 [it is a crime to knowingly and maliciously prevent or dissuade a witness from attending or giving complete and truthful testimony in a judicial proceeding].)

Similarly, the confidentiality clause of the settlement agreement in this case stated: "Harris represents and agrees that he will keep the terms of this Agreement completely confidential and that he will not hereafter disclose any information concerning this Agreement to anyone, including, but not limited to, any past, present or prospective employee, creditor or customer of [defendant], with the exception of [Harris's] accountant, fiancé, or spouse or by a court of competent jurisdiction."

Because the confidentiality clause did not, and could not, preclude Harris from testifying as a percipient witness to events concerning plaintiff, the perceived conflict of interest is more apparent than real.

Harris, a coworker with plaintiff, personally witnessed some of the facts and circumstances that gave rise to plaintiff's claim. Thus, Harris is perfectly free, without violating his settlement agreement, to appear in plaintiff's litigation and testify to the facts and circumstances he witnessed. Indeed, if subpoenaed, Harris is under an obligation to do so. Accordingly, Attorney Riestenberg's efforts, on behalf of plaintiff, to secure testimony from Harris about the facts and circumstances Harris witnessed with respect to plaintiff's claim does not conflict with his duties as Harris's attorney.

The settlement agreement requires Harris to keep the terms of the agreement confidential and not to disclose any information concerning the agreement to anyone other than those specified in the agreement. But the terms of the agreement are not admissible in plaintiff's action against defendant. (*Price v. Atchison, T. & S. F. Ry. Co.* (1958) 164 Cal.App.2d 400, 404-406 [330 P.2d 933]; *Brown v. Pacific Electric Ry. Co.* (1947) 79 Cal.App.2d 613, 615-617 [180 P.2d 424]; see also *Covell v. Superior Court* (1984) 159 Cal.App.3d 39, 42-43 [205 Cal.Rptr. 371].) Thus, without violating his

professional obligations to plaintiff, Attorney Riestenberg can advise Harris that he may not disclose the terms of his settlement.

There is, of course, the possibility that a vigorous advocate questioning a percipient witness may exceed the bounds of the rules of evidence. But Attorney Riestenberg has no incentive to do so when examining Harris because complying with the rules of evidence would be consistent with Riestenberg's duty to plaintiff and because attempting to get Harris to divulge confidential information about the settlement and its terms not only would violate Riestenberg's professional duties as Harris's attorney but undoubtedly would be met by a prompt objection and ruling excluding or striking the testimony. And defendant's counsel would have no reason to elicit testimony from Harris about the confidential matters because doing so not only could harm defendant but also would necessarily waive the confidentiality agreement. The record also demonstrates Harris is well aware of the harm to him that could occur if he divulges confidential information; hence, the possibility that he mistakenly or intentionally will reveal such information during his testimony is virtually nonexistent.

Nevertheless, it is theoretically possible the circumstances could present the situation of a bell that cannot be unrung. But, as we have noted, due to his representation of Harris, Attorney Riestenberg would be constrained to avoid this situation while presenting plaintiff's case. And in considering whether he must be disqualified from representing plaintiff, we will not presume that plaintiff will be irrevocably harmed if Riestenberg stays within the bounds of the rules of evidence in questioning Harris.

For all the reasons stated above, the conflict of interest does not appear to us to be as problematic as suggested in *Gilbert, supra,* 71 Cal.App.4th 1240.

Moreover, under the circumstances presented in this case, a number of factors weigh heavily against the disqualification of Attorney Riestenberg.

First, "disqualification usually imposes a substantial hardship on the disqualified attorney's innocent client, who must bear the monetary and other costs of finding a replacement. A client deprived of the attorney of his choice suffers a particularly heavy penalty where, as appears to be the case here, his attorney is highly skilled in the relevant area of the law." (*Gregori v. Bank of America* (1989) 207 Cal.App.3d 291, 300 [254 Cal.Rptr. 853].)

Second, where, as here, the persons who are personally concerned with the alleged conflict of interest are not objecting, and disqualification is sought by a litigation adversary who is not personally interested in the alleged

conflict, courts must be skeptical. This is so because "motions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent." (*Gregori v. Bank of America, supra,* 207 Cal.App.3d at pp. 300-301.) They can be used to harass opposing counsel, to delay the litigation, to intimidate an adversary into accepting settlement on otherwise unacceptable terms, or for other strategic purposes. (*Id.* at p. 301.)

Third, with exceptions not applicable here, a conflict of interest generally may be waived by the persons who are personally interested in the matter. (*Zador Corp. v. Kwan* (1995) 31 Cal.App.4th 1285, 1300-1301 [37 Cal.Rptr.2d 754]; *Health Maintenance Network v. Blue Cross of So. California* (1988) 202 Cal.App.3d 1043, 1063-1064 [249 Cal.Rptr. 220]; *Klemm v. Superior Court* (1977) 75 Cal.App.3d 893, 899 [142 Cal.Rptr. 509].)[1] In this case, the persons who are personally interested in the conflict of interest, Harris and plaintiff, each filed written declarations waiving the conflict.

Defendant seeks to discount these waivers by claiming they are insufficient to demonstrate informed consent. We disagree.

Harris's declaration states the following: Harris has been informed that there is a risk he could be called as a witness in plaintiff's case and that his testimony could raise issues regarding his settlement agreement. Attorney Riestenberg has advised Harris not to provide information concerning the terms of his settlement. Harris understands that Riestenberg's representation of plaintiff could increase the risk of Harris's involvement in plaintiff's litigation. Riestenberg has advised Harris to talk with another attorney about any conflict of interest raised by plaintiff's representation by Riestenberg. The declaration ends with Harris noting that he had been provided with defendant's supporting papers on the motion to disqualify, and stating: "I understand the risk involved with respect to Mr. Riestenberg's representation of [plaintiff] and I do not object, but, indeed, support such representation."

Contrary to defendant's claim, it is readily apparent that Harris's declaration is sufficient to establish an informed waiver of the conflict of interest.

Plaintiff's declaration states, among other things: Plaintiff is aware Harris entered into a settlement agreement that precludes him from disclosing the

---

[1]Disqualification is automatic where an attorney, while still representing a client, undertakes to simultaneously represent a new client in an action against the first client. (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 284 [36 Cal.Rptr.2d 537, 885 P.2d 950].) Where representation of the first client has concluded and the attorney undertakes to represent a new client in a lawsuit against the former client, disqualification depends upon whether there is a substantial relationship between the subjects of the antecedent and current representations. (*Id.* at p. 283.) Where, as here, the former client and the current client are not adversarial to each other, there is no rule of automatic disqualification.

terms of his settlement or any information concerning the agreement. Attorney Riestenberg has told plaintiff there is a risk that, if Harris were called to testify, he "might make a mistake" or otherwise provide testimony about the settlement. Riestenberg has further told plaintiff that, based on this risk, there is an argument, supported by the *Gilbert* decision, that Riestenberg would be precluded from calling Harris as a witness in plaintiff's action. Plaintiff understands that, by proceeding with Riestenberg, he might be precluded from calling Harris as a witness to support his claims. "Nevertheless, taking into consideration that risk," plaintiff asserts, "I choose to continue with Mr. Riestenberg as my attorney in this lawsuit, even if that means that I will be precluded from calling Kevin Harris to testify on my behalf." Plaintiff also has been advised by Riestenberg to talk with another attorney "to make sure" that plaintiff desires to have Riestenberg continue to represent him. Lastly, plaintiff states: "I have decided to continue the prosecution of this lawsuit with Mr. Riestenberg as my attorney. That is my strong preference. I believe that [defendant's] Motion to Disqualify Mr. Riestenberg as my attorney wrongfully interferes with my right to choose my own attorney and is [an] offense to my own sense of justice and fair play."

The contents of plaintiff's declaration defeat defendant's assertion that it fails to establish an informed waiver of the conflict of interest.

■ As plaintiff acknowledges, a motion to disqualify an attorney is directed to the trial court's broad discretion. In exercising its discretion, the court must make a reasoned judgment consistent with the legal principles and policies appropriate to the matter at issue. (*Gregori v. Bank of America, supra,* 207 Cal.App.3d at p. 300.) If it is not supported by sufficient reason, an order disqualifying an attorney and thereby depriving a litigant of the attorney of his choice constitutes an abuse of discretion that must be reversed on appeal. (See *Cloer v. Superior Court* (1969) 271 Cal.App.2d 143, 145-146 [76 Cal.Rptr. 217]; see also *Reich v. Club Universe* (1981) 125 Cal.App.3d 965, 969 [178 Cal.Rptr. 473] [order of disqualification is directly appealable].)

■ In deciding to disqualify Attorney Riestenberg, the trial court followed the reasoning of *Gilbert, supra,* 71 Cal.App.4th 1240, which, in our view, exaggerates the conflict of interest involved. As we have explained, given what private parties can and cannot accomplish by adding confidentiality provisions to a settlement agreement, the alleged conflict here is more apparent than real. Additionally, the moving party on this disqualification motion is not personally concerned with the alleged conflict of interest. And the persons who are personally concerned with the conflict of interest are not adversarial with respect to each other and have each filed written waivers of

the alleged conflict. Under the circumstances, we find insufficient reason to disqualify Attorney Riestenberg from further representation of plaintiff in this action against defendant. Accordingly, we conclude that the trial court abused its discretion in ordering the disqualification.

DISPOSITION

The order of disqualification is reversed. Defendant shall reimburse plaintiff for his costs on appeal. (Cal. Rules of Court, rule 26(a).)

Raye, J., and Callahan, J., concurred.